Present: All the Justices

CRAIG GIBSON, AN INFANT, ETC., ET AL.

v. Record No. 941446      OPINION BY JUSTICE LEROY R. HASSELL
                                    June 9, 1995
RIVERSIDE HOSPITAL, INC., ETC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

In this appeal of a judgment in a medical malpractice action, we consider whether the trial court correctly ruled that it lacked subject matter jurisdiction. Our decision depends, in part, upon certain provisions in the Virginia Birth-Related Neurological Injury Compensation Act, Code §§ 38.2-5000 through -5021, in effect at the time of the alleged malpractice.

Plaintiffs, Craig Gibson, an infant, by his mother and next friend, Tami (Gibson) Voris, and Tami (Gibson) Voris, individually, filed their motion for judgment against Riverside Hospital, Inc., d/b/a Riverside Regional Medical Center, Dr. Louis E. Nelsen, III, Dr. William H. Woessner, the estate of Dr. Charles W. Nickerson, Sentara Hospital-Norfolk, d/b/a Sentara Norfolk General Hospital, Dr. Matthew Whitted, and Dr. Randall S. Kuhlmann. The plaintiffs alleged that they were injured by the negligent acts and omissions of the defendants.

Certain defendants filed a special plea in bar, in which they asserted that the Act conferred exclusive jurisdiction over the plaintiffs' claims in the Workers' Compensation Commission. The trial court, relying solely upon the allegations contained in the motion for judgment, granted the defendants' special plea. We awarded the plaintiffs an appeal.

For purposes of this appeal, we assume that the facts in the plaintiffs' motion for judgment and all reasonable inferences

deducible therefrom are true.  Tami (Gibson) Voris sought treatment at the Riverside Hospital after she was injured in an automobile accident on July 13, 1989.  Tami was pregnant, and she was concerned that her unborn child might have been injured in the accident.  She was admitted as a patient to Riverside Hospital on that date, and she was treated by several health care providers.  According to the plaintiffs, "[d]espite indications of fetal distress during monitoring on July 13, 1989, [Tami] was removed from the monitor; and the hospital gave her no definitive treatment."

On July 14, 1989, certain health care providers noted that the unborn child was experiencing fetal distress.  Tami was subsequently transported to Sentara Hospital–Norfolk, where a physician performed an emergency caesarean section to deliver her infant, Craig.  Craig experienced certain injuries that the plaintiffs claim are related to the defendants' failure to diagnose timely the fetal distress.

> The plaintiffs allege in their motion for judgment:
> That as direct and proximate cause of the negligence of the defendants, jointly and severally, the Plaintiff, Craig Gibson has spastic diplegia cerebral palsy, delayed mile stones [sic] with resultant developmental delay, obstructive hydrocephalus and short stature with microcephaly.  He requires crutches to ambulate and has difficulty with shortening of the hamstrings due to his spastic diplegia and visual difficulties.
>
> That the minor Plaintiff, Craig Gibson, as a direct and proximate result of the joint and several negligence of the defendants, has suffered and will continue to suffer, physical and mental pain and anguish, impairment, disability, humiliation and embarrassment, loss of earning capacity, and he will incur medical, rehabilitation and pharmaceutical expenses in the future.

The plaintiffs argue that Craig did not, and does not,

suffer a birth-related neurological injury as defined by the Virginia Birth-Related Neurological Compensation Act and, therefore, the trial court has subject matter jurisdiction to adjudicate their claims. The defendants contend, however, that the trial court correctly ruled that Craig suffers from a birth-related neurological injury and that the Workers' Compensation Commission has exclusive jurisdiction to consider the birth-related claims. We disagree with the defendants.

The Act was enacted by the General Assembly in 1987. As provided by the pertinent provisions of the Act, an infant who incurs a birth-related neurological injury, caused by the negligence of a participating health care provider, cannot maintain a common law tort action against the participating health care provider other than as provided by the Act. Code § 38.2-5002(B); see King v. Virginia Birth-Related Neurological Injury Compensation Program, 242 Va. 404, 406-07, 410 S.E.2d 656, 658 (1991). Rather, an infant who suffers a neurological injury as defined by the Act must file a claim with the Workers' Compensation Commission, which has exclusive jurisdiction to decide all claims made pursuant to the Act. Code § 38.2-5003.

Former Code § 38.2-5001, which was effective in 1989 at the time of Craig's birth, stated in relevant part:
> "Birth-related neurological injury" means injury to the brain or spinal cord of an infant caused by the deprivation of oxygen or mechanical injury occurring in the course of labor, delivery or resuscitation in the immediate post-delivery period in a hospital which renders the infant permanently nonambulatory, aphasic, incontinent, and in need of assistance in all phases of daily living. This definition shall apply to live births only.

(Emphasis added).

Applying the clear and unambiguous language contained in this statute, we hold that the plaintiffs' causes of action do not fall within the exclusive jurisdiction of the Workers' Compensation Commission.  The plaintiffs, in their motion for judgment, simply do not allege that Craig is "aphasic,[*] incontinent, and in need of assistance in all phases of daily living," as required by the Act.  The allegations in the motion for judgment, quoted above, contain no facts which permit an inference to be drawn that Craig is "aphasic, incontinent, and in need of assistance in all phases of daily living."

We also observe that the defendants, who have the burden of proving any facts related to their special plea, failed to present any evidence that the infant is "nonambulatory, aphasic, incontinent, and in need of assistance in all phases of daily living."  Furthermore, we reject the defendants' suggestion that the Workers' Compensation Commission, as opposed to the circuit court, is better situated to determine whether an infant has suffered a birth-related neurological injury.  Without question, it is the function of the court to determine the existence, or lack, of subject matter jurisdiction.  In this instance, in view of the factual allegations contained in the motion for judgment, we hold that the circuit court has subject matter jurisdiction.

Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings.

<u>Reversed and remanded</u>.

---

[*]Aphasia is defined as "the loss or impairment of the power to use words as symbols of ideas that results from a brain lesion."  <u>Webster's Third New International Dictionary</u> 98 (1993).