# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Timothy M. Slootmaker et al.

v.

Javaid A. Perwaiz,
Javaid A. Perwaiz, M.D., P.C.,
J. Cook,
E. Cruz,
and Portsmouth General Hosp., Inc.

December 15, 1999

Case No. (Law) CL 99-747

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court upon the motion of the defendants Perwaiz to refer this matter to the Virginia Workers' Compensation Commission pursuant to the Virginia Birth-Related Neurological Injury Compensation Act (the "Act"), Title 38.2, Chapter 50, of the Code of Virginia. The plaintiff opposes the motion.

Since the resolution of this matter is interlaced with the procedural status of the case, we shall begin with a review of same.

*Procedural Status*

This matter was originally filed in the Circuit Court for the City of Suffolk, Virginia, on February 28, 1998, and was nonsuited January 28, 1999. (It is not entirely clear to this court if any steps were taken towards trial of the case, and we have been advised that process was never issued by that court.)

The current version of this case was filed in Portsmouth Circuit Court (originally an objection to the change of jurisdiction was filed by Portsmouth

General Hospital, but was abandoned when they were dismissed as a party defendant) on June 15, 1999, and seeks damages for personal injuries to the plaintiff, Timothy M. Slootmaker, alleged to have occurred as a result of medical malpractice related to his birth on February 23, 1996. (Lenore A. Slootmaker, the mother of Timothy, also seeks damages for emotional distress and medical and related expenses.)

The original defendants in this suit were Javaid A. Perwaiz, M.D.; Javaid A. Perwaiz, M.D., P.C.; J. Cook, R.N.; E. Cruz, R.N.; and Portsmouth General Hospital, Inc. ("PGH").

Answers were filed by counsel for the Perwaiz defendants and PGH, and Perwaiz also filed a cross-claim against PGH. (The defendants Cook and Cruz were never served with process and thus have never entered an appearance in this matter.)

Counsel for Perwaiz also filed a request for Medical Malpractice Review Panel pursuant to Virginia Code § 8.01-581.3:1. (The Supreme Court has made its designation and, pending the outcome of this motion, the court is prepared to set a hearing date.)

The court is also advised that counsel for Perwaiz attempted to get counsel for PGH to file a request that this matter be referred pursuant to the Act, but for reasons unknown to the court, PGH declined to do so. (It has been represented to the court, and for purposes of disposition of this motion the court finds, that PGH was a participant in the Act while the Perwaiz defendants were not. See § 38.2-5001.)

At this point, some apparent disagreement arose between defense counsel, and counsel for PGH filed a motion to have the court disqualify counsel for Perwaiz. Close on the heels of this motion, counsel for Perwaiz filed a motion requesting referral of this matter pursuant to the Act.

While the court was in the process of resolving the motion to disqualify counsel, several events took place. On October 1, 1999, an order was entered dismissing the cross-claim filed by Perwaiz. The plaintiffs and the defendants PGH, Crook, and Cruz resolved their differences, and on October 14, 1999, an order was entered nonsuiting and dismissing with prejudice this matter as to them. The final chapter between the defendants was written on October 22, 1999, when an order was entered withdrawing the motion of PGH to disqualify counsel.

The case now remains on our docket as a matter seeking recovery from the defendants Perwaiz.

*Legal Issues*

The court has not, as of this date, conducted any evidentiary hearings. Accordingly the court views the disposition of the motion as a resolution of these legal issues: does Virginia Code § 8.01-273.1 apply to this case? If so, is the court required to submit the case to the Act? (As noted above, counsel have stipulated the participating status of the various defendants.)

*Applicability of Virginia Code § 8.01-273.1*

This statute, enacted by the 1999 regular session of the legislature, became effective on July 1, 1999. (Virginia Code § 1-12(A).) The cause of action is alleged to have arisen between February 22 and 23, 1996, and this matter was filed June 15, 1999.

Counsel for the defendants points correctly to Virginia Code § 8.01-1 as controlling the applicability of statutes enacted after a matter is pending in Court. Essentially, this statute provides that "all provisions of this title [8.01] shall apply to causes of action which arose prior to the effective date of any such provisions . . . ." However, this code section also excepts certain matters if the statute "may materially change the substantive rights of a party or (ii) may cause the miscarriage of justice."

Therefore, before we can answer the question of rights being modified by 8.01-273.1, we must examine the Act and how it would apply to this case if 8.01-273.1 does not apply.

It has been suggested to the court that the Act was a response by the Virginia General Assembly in 1987 to what was then perceived as a crisis in the area of tort liability in the medical field of obstetrics.

Since its passage, the Virginia Supreme Court has only had two opportunities to visit the Act, first in the case of *King v. Virginia Birth-Related Neurological Injury Comp.*, 242 Va. 404, 410 S.E.2d 656 (1991), and secondly in the matter of *Gibson v. Riverside Hospital*, 250 Va. 140, 458 S.E.2d 460 (1995). The *King* case provides no instruction as to the issues before the court; however, *Gibson* does provide some direction and will be discussed later.

For a claim to qualify for treatment under the Act, it must pass a definitional test set out in § 38.2-5001. This definitional test contains three parts: (1) the injury definition; (2) the participating physician/hospital; and (3) the effective date of the Act (January 1, 1988).

If a claim qualifies under the Act, then the Act "shall exclude all other rights and remedies of such infant . . . at common law or otherwise . . ." with

certain exceptions not applicable here. (Section 38.2-5002.) This section further provides "a civil action arising out of or related to . . . injury under this chapter . . . shall not be foreclosed against a nonparticipating physician . . . provided that (i) no participating physician or hospital shall be made a party to any such action . . . ."

This code section also notes "(ii) commencement of any such action regardless of its outcome shall constitute an election of remedies to the exclusion of any claim under this chapter . . . ." (More on this later.)

If a case is to be one under the Act, it must meet the test set out in § 38.2-5002, and if § 8.01-273.1 applies, the Workers' Compensation Commission must decide it and this court would be precluded from conducting further proceedings.

The court is, however, concerned about certain procedural aspects of this case and about the access to the Act by a defendant.

A plain reading of the Act seems to allow only the plaintiff to make application. Section 38.2-5001 defines "claimant" as "any person who files a claim pursuant to § 38.2-5004 for compensation . . . to an infant." It also sets out who may file such a claim on behalf of the infant. These parties are limited to "any legal representative . . . of an injured infant" or for a deceased infant "by an administrator, executor, or other legal representative." Section 38.2-5004 sets out the procedure for filing a claim, and it states "the claimant shall file."

Section 38.2-5002(D)(ii), which is set out above, also creates an election of remedies by a claimant which "shall constitute an election of remedies, to the exclusion of any claim under this chapter . . . ." A plain reading of these statutes would seem to force the court towards a conclusion that only a "claimant" may file under the Act.

This conclusion can be further reinforced by the fact that the legislature certainly could have put a provision in the Act allowing the participant physician/hospital to file. (See for instance, the scheme used for Workers' Compensation in § 65.2-300.)

Then we come to the *Gibson* case. Factually, this was a suit filed against Riverside Hospital seeking damages for medical malpractice. Certain of the defendants "filed a special plea in bar" claiming that "the Act conferred exclusive jurisdiction" on the Workers' Compensation Commission. In reviewing the facts, the Supreme Court noted that the plaintiff's pleadings (apparently the case was decided by the trial court solely on the pleadings) did not create a case "with the exclusive jurisdiction of the . . . Commission." Further, the Court noted "The allegations . . . contain no facts which permit an inference to be drawn . . ." that the plaintiff met the statutory definition in

existence at that time. Going on, the court observed that the defendants had the "burden of proving any facts related to their special plea" and that they had failed to do so. Finally, the court concluded, "it is the function of the court to determine the existence, or lack, of subject matter jurisdictions," noting the court was "better situated" to determine the existence of a birth-related neurological injury.

So much for plain reading of statutes, yet I think that the *Gibson* matter and the statute can be reconciled in a reasonable manner.

If we assume that § 8.01-273.1 does not apply in our case, then it would seem that *Gibson* requires the court to hear evidence as to the nature of the injuries and whether the Act applies. (I can only assume that the Supreme Court thinks that an Act participant can "file a claim" by challenging the jurisdiction of the court.)

Should we adopt the position that § 8.01-273.1 applies to our case, must we send the case to the Commission?

If the claim is sent to the Commission, its statutory mandate is "to hear and pass on all claims filed . . . ." (Section 38.2-5003.) Sections 38.2-5004 through 38.2-5007 set out the procedures to be followed in the disposition of the case.

Whether the Commission has subject matter jurisdiction as opposed to a circuit court having jurisdiction seems to be a question for the court and not the Commission. (See *Gibson* at p. 143.) Therefore, § 8.01-273.1 notwithstanding, this court has a duty to make an initial inquiry as to whether it may go forward with this case.

To be a case under the Act, § 38.2-5002(C) requires the joinder as a party defendant of a participating physician or hospital. It is stipulated by counsel that the Perwaiz defendants are non-participating. It is further stipulated that PGH was a participant, but PGH has been dismissed with prejudice.

While not directly on point, the matter of *Jim Carpenter Co. v. Potts*, 255 Va. 147, 495 S.E.2d 828 (1998), does provide some guidance as to the status of a former party in future legal proceedings when that party has been dismissed. The Supreme Court opines "There is no mechanism in our procedure permitting a plaintiff to appropriate as her own the claims made by a defendant against third parties after the defendant has been dismissed." (*Id.* at 159.)

This decision leads me to the conclusion that the dismissal of PGH leaves the Perwaiz defendants without a means to gain access to the Act. When I join this with the fact that Perwaiz without any doubt fails to meet the threshold criteria to have his claim under the Act, the court can only conclude that subject matter jurisdiction of this claim can lie solely in the Circuit Court.

*A Caveat*

One or two final thoughts should be expressed so that this decision is not amplified beyond the facts of this case.

I reached this decision because there was no factual dispute as to whether or not there was a statutory participant. If such an issue were to exist, the court would have had to address whether § 8.01-273.1 applied and, if so, whether or not the Commission would make such a decision. In the alternative, had the court determined this to be a pre-§ 8.01-273.1 case, then we would clearly have had to conduct an evidentiary hearing as instructed by *Gibson*.

Here, we can determine as a matter of law that the Act does not apply and we have retained jurisdiction.

The motion of the defendants Perwaiz is denied, and this matter is retained for such further proceedings as may be required.