# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

In re Application of
Prince Moore

June 9, 2005

Case No. CH05-358

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the application of Prince Moore pursuant to Virginia Code § 59.1-476 *et seq.* and the objection of the Virginia Workers' Compensation Commission.

The essence of the objection is that the Commission has sole exclusive jurisdiction to hear applications of this nature when the structured settlement arises from a workers' compensation award pursuant to Virginia Code § 65.2-100 *et seq.* For the reasons stated hereafter the court is of the opinion that this matter is to be heard by the Commission and this petition shall be dismissed without prejudice.

The Attorney General correctly notes that all matters falling within the purview of the Virginia Workers' Compensation Act (Va. Code § 65.2-100 *et seq.*, "the act") are the exclusive province of the Virginia Workers' Compensation Commission (Va. Code §§ 65.2-200, 65.2-201). Indeed, in the limited area of workers' compensation, the Commission stands in the position of a court of limited jurisdiction and appeals from its decisions are directly to the Court of Appeals of Virginia. In short, the circuit courts of the Commonwealth do not take part in the resolution of workers' compensation issues. However, circuit courts do have the authority to determine whether a matter is in fact one subject to the act. *See Hudson v. Jarrett*, 269 Va. 24, 30, 606 S.E.2d 827 (2004), and *Gibson v. Riverside Hospital*, 250 Va. 140, 143, 458 S.E.2d 460 (1995).

The Virginia Structured Settlement Protection Act (Va. Code §§ 59.1-475 *et seq.*, the VSSPA) is a special statutory scheme enacted to provide a procedure to allow for the sale of certain contract rights for

future payments.

Va. Code § 59.1-476 provides *inter alia* "No direct or indirect transfer . . . shall be effective . . . unless the transfer has been authorized . . . in a final court order or order of a responsible administrative authority. . . ." Va. Code § 59.1-477 provides *inter alia* "Applications brought in Virginia shall be brought in circuit court. . . ."

Finally, Va. Code § 59.1-477.1 provides *inter alia*, "Nothing contained in this chapter shall be construed to authorize any transfer . . . in contravention of any law. . . . The provisions of this chapter shall not be applicable to payments made pursuant to§ 65.2-522."

Under normal rules of statutory construction, the court would conclude that the provision of Va. Code § 59.1-477 giving jurisdiction of these matters to the circuit court would take precedence to the general grant of jurisdiction to the Commission for workers' compensation matters. *Frederick County School Board v. Hannah*, 267 Va. 231, 236, 590 S.E.2d 567 (2004). "When one statute speaks to a subject in a general way and another deals with part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the later prevails." (Internal citations omitted.)

How then is the apparent exclusion of lump sum workers' compensation awards (made pursuant to Va. Code § 65.2-522) found in Va. Code § 59.1-477.1 reconciled with the rest of the statutory scheme created by VSSPA?

Again, some basic principles of statutory construction are to be considered.

> "we must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." . . . Because we assume the legislature chose the words used, it is our duty "to give reasonable effect to every word." . . . In giving reasonable effect to every word, we presume the legislature used the word in its ordinary sense in the absence of a specific, statutory definition.

*Coles v. Commonwealth*, 44 Va. App. 549, 558, 605 S.E.2d 784 (2005) (citations omitted).

> We must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction would yield an absurd result.

*Schwartz v. Commonwealth*, 45 Va. App. 407, 450, 611 S.E.2d 631 (2005) (citations omitted).

Finally, we should look to the language of Va. Code § 65.2-522 (formerly Va. Code § 65.1-74) which provides *inter alia*:

When the parties agree and the *Commission deems it to be in the best interests of the employee or his dependents* . . . liability for compensation may be redeemed, in whole or in part, through payment . . . of a lump sum, which shall be fixed by the Commission. . . .

(Emphasis added.)

When the code section is compared to the VSSPA, a number of similar considerations arise. Virginia Code § 59.1-476 states:

1. The transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents.

For the court, the final analysis, however, must be that to allow transfers of this nature outside of the supervision of the Commission would make the last sentence of Va. Code § 59.1-477.1(E) meaningless. A clear meaning of the words used exempts lump sum workers' compensation awards from the VSSPA. Whether the legislature intends the Commission to have jurisdiction to approve the petitioner's application is another question for another day in another court.