# Richmond

## KENNETH LINWOOD AWKARD

### v.

## COMMONWEALTH OF VIRGINIA

No. 2267-93-2

Decided February 14, 1995

COUNSEL

Francis McQ. Lawrence (Ronald M. Huber; St. John, Bowling & Lawrence, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

FITZPATRICK, J.—Kenneth Awkard (appellant) was convicted of driving after having been adjudged an habitual offender in violation of Code § 46.2-357. On appeal, he argues that the trial court erred when it failed to sentence him to a mitigated punishment pursuant to Code § 1-16. We agree and remand for re-sentencing.

On April 28, 1993, appellant pled guilty to the felony of driving after having been adjudged an habitual offender. At the time of the plea, the penalty range for this offense was one to five years in a state correctional facility. Subsequently, on July 1, 1993, Code § 46.2-357 was amended and established a misdemeanor habitual offender offense with a maximum sentence of ninety days in jail and a $2500 fine. The legislature defined misdemeanor violations as those that did not "endanger the life, limb, or property of another." Code § 46.2-357(B)(1).

At the sentencing hearing on August 25, 1993, appellant and the Commonwealth presented the trial court with the following fully executed "Election and Consent" form:

The Commonwealth, by her attorney, hereby elects to proceed under Section 46.2-357, Code of Virginia, as amended effective July 1, 1993 with respect to the punishment of the

defendant and the defendant, Kenneth Linwood Awkard, by counsel, hereby consents that his punishment be pursuant to the statute as amended July 1, 1993;

Accordingly, the Commonwealth of Virginia, by her attorney, and the defendant, by counsel, pursuant to the provisions of Section 1-16, Code of Virginia, hereby request that the Court punish the defendant pursuant to the terms of Section 46.2-357, Code of Virginia, as amended effective July 1, 1993 and that the defendant be punished by confinement in jail for no more than ninety (90) days, ten (10) days of which shall not be suspended, and a fine of not more than two thousand five hundred dollars ($2500.00) either or both.

Appellant's attorney explained the form's significance: "What the [C]ommonwealth is asking and the defendant joins in the request is . . . that he be sentenced basically under the lesser provisions of what would be the misdemeanor sentencing." At this hearing, the Commonwealth reaffirmed its earlier willingness to proceed under the amended statute, even though it was not effective at the time of appellant's plea: "The [c]ourt went through the analysis when it initially determined . . . to treat the matter as a felony, even though we were willing for it to go forward as a misdemeanor at that time, that there's nothing Mr. Awkard did in August of [19]92 to do anything to qualify him for the treatment under the law as it stood then." No evidence established that appellant's driving endangered the "life, limb, or property of another."

Code § 1-16 states:

[I]f any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any *judgment pronounced* after the new law takes effect.

(Emphasis added).

This section provides that the *Commonwealth* may elect to proceed under the amended statute as long as the defendant consents to the procedure. The discretion as to the election lies with the Commonwealth, not the court. In this case, the Commonwealth elected to sentence appellant under amended Code § 46.2-357, and appellant consented. The trial judge refused to sentence appellant under the amended statute pursuant to the Election and

Consent form and sentenced appellant to three years in prison with two years suspended.

■ "It is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989) (citing *Davis v. Commonwealth*, 4 Va. App. 27, 30, 353 S.E.2d 905, 907 (1987)). "[I]t is a matter of prosecutorial election whether the Commonwealth proceeds under the misdemeanor statute or the felony statute against an accused . . . ." *Mason v. Commonwealth*, 217 Va. 321, 323, 228 S.E.2d 683, 684 (1976).

■ In interpreting Code § 1-16, the Virginia Supreme Court held that the "penalty in existence at the time of the offense should be applied unless the *Commonwealth* first elects to proceed under the new statute and obtains the consent of the defendant to do so." *Ruplenas v. Commonwealth*, 221 Va. 972, 978, 275 S.E.2d 628, 632 (1981) (emphasis added). "The election of the Commonwealth to prosecute under the new law, and the privilege of an accused to consent to be tried thereunder, must be exercised before judgment is pronounced." *Abdo v. Commonwealth*, 218 Va. 473, 478, 237 S.E.2d 900, 903 (1977).

■ Neither *Ruplenas* nor *Abdo* requires the election to be made prior to a defendant's plea. "The literal language of *Abdo* directs that before a new penalty may be imposed the Commonwealth must first elect to proceed under the new law and then the defendant, as the party affected, must consent to its application. Without the concurrence of both parties the previous penalty must apply." *Ruplenas*, 221 Va. at 977, 275 S.E.2d at 631. In *Abdo*, the Supreme Court further defined the timing of the election as "before judgment is pronounced." *Abdo*, 218 Va. at 478, 237 S.E.2d at 903. " '[T]he judgment pronounced' referred to in Code § 1-16 was the judgment the trial court pronounced and entered . . . [at the time] Abdo was formally sentenced to the penitentiary." *Id.* at 477-78, 237 S.E.2d at 902.

Both conditions were satisfied at the time of sentencing. At this juncture, the trial court was required to sentence within the mitigated punishment range and follow the limitations of the Election and Consent form submitted by appellant and the Commonwealth pursuant to Code § 1-16.

Accordingly, the judgment of the trial court is reversed and the case remanded for re-sentencing.

*Reversed and remanded.*

Benton, J., concurred.

Baker, J., dissenting.

For the reasons that follow, I respectfully disagree and dissent from the majority's reversal of the trial court's judgment.

It appears obvious that appellant did not want this Court to consider any portion of the record other than the record of the sentencing hearing. The appendix provided contains only a transcript of that hearing, a copy of the order that imposed punishment, the indictment, an item designated "Election and consent pursuant to Section 1-16 Code of Virginia," and the Court of Appeals' order granting the appeal. We are not provided with a transcript, or statement of facts in lieu thereof, of the trial at which appellant was convicted of a felony. Appellant also did not include in the appendix a copy of the order documenting his plea of guilty to the felony and waiver of right to appeal. However, the trial court clerk's file is before us and contains the conviction order, which in relevant part provides:

> [t]he Court made inquiry and being of the opinion that the accused fully understood the nature and effect of his plea and of the penalties that may be imposed upon his conviction, and of *the waiver of trial by jury and appeal*, and that finding that his plea was voluntarily and intelligently made, proceeded to hear and determine the case and having heard the evidence and argument of counsel, the Court finds the accused *GUILTY as charged in the indictment*.

(Emphasis added). Nothing in this record discloses that appellant took exception to any part of that order. Generally, the appellate courts will not entertain appeals by a person who pleads guilty and waives that right. In *Peyton v. King*, 210 Va. 194, 169 S.E.2d 569 (1969), the Supreme Court declared that when the accused has entered a plea of guilty and waived his right of appeal, "an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt." *Id.* at 196, 169 S.E.2d at 570-71. The Court then said:

That general rule applies to appeals to this court in criminal cases, and its logic becomes apparent when the nature and effect of a plea of guilty are considered. In *Crutchfield v. Commonwealth*, 187 Va. 291, 46 S.E.2d 340 (1948), we said:

"A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed, the effect of which is to authorize the imposition of the punishment prescribed by law on a verdict of guilty of the offense admitted. . . . It waives all defenses other than that no offense is charged." 187 Va. at 296, 46 S.E.2d at 342.

*Id.* at 196, 169 S.E.2d at 571. I find no reason to decline to apply such a rule to appeals to this Court. As in *Peyton*, I would hold that appellant "was not entitled to appeal his conviction. He was sentenced in proceedings devoid of jurisdictional questions to a term within the range fixed by law pursuant to a judgment of conviction based upon a plea of guilty voluntarily and intelligently entered." *Id.* at 198, 169 S.E.2d at 572.

Because appellant entered his plea of guilty and waived his right of appeal with full knowledge of the punishment to which he was subject, and because the punishment imposed was within the range provided by statute of which appellant had been convicted, I would dismiss this appeal and affirm the judgment of the trial court.

I further submit that the power to impose sentence remained with the trial court and not with the Commonwealth's attorney. Even if appellant were entitled to a review of the issue upon which the majority bases its opinion, I disagree with its conclusion. The facts and procedures contained in the record before us are as follows:

On October 1, 1990, appellant was declared an habitual offender based upon a record that disclosed he had been convicted of driving while intoxicated on November 6, 1981, December 9, 1981, January 18, 1990, respectively, and for speeding on January

27, 1986.[1]

On August 12, 1992, appellant was arrested on a felony warrant that charged he drove on a public highway after being adjudged an habitual offender. Appellant waived a preliminary hearing and the matter was forwarded to the circuit court to be prosecuted by the Commonwealth's attorney. After considering the evidence before him, the Commonwealth's attorney first elected to present the matter to the grand jury as a felony in accord with an indictment, which provided:

**THE GRAND JURY CHARGES THAT:**

On or about August 12, 1992, in the County of Albemarle, **KENNETH LINWOOD AWKARD** did unlawfully and *feloniously* operate a motor vehicle on the public highway after having been adjudged an Habitual Offender. [(Emphasis added.)]

**VIRGINIA CODE SECTION:** 46.2 - 357

**A TRUE BILL:**

**Foreman**
**February 1, 1993**

On February 1, 1993, the grand jury returned a true bill, pursuant to which the Commonwealth's attorney further elected to prosecute appellant. Trial was first set to be heard by the court without a jury on April 2, 1993. However, on that day, appellant's request to be tried by a jury was granted by an order providing that the "case is continued until April 28, 1993 to be heard by a jury." After obtaining that delay of the trial, on April 28, 1993 appellant decided to waive his right to a jury trial and his right to appeal and pleaded guilty to the felony charge contained in the indictment. The trial court, as noted above, accepted appellant's plea after being assured that appellant understood the significance and consequence of his plea.

---

[1] The presentence report made after appellant's conviction for driving after being declared an habitual offender also disclosed convictions for being drunk in public, breach of the peace, and refusal to take tests.

Effective July 1, 1993, after appellant had been tried and convicted, Code § 46.2-357 was amended to provide that an accused charged with driving after being declared an habitual offender could be punished as a misdemeanant if "such driving does not, of itself, endanger the life, limb, or property of another." Nothing in this record establishes that appellant qualified to be punished under that amendment.

For reasons best known to appellant, we were not provided with a transcript of the evidence presented to the trial court, nor were we provided with a statement of facts in lieu thereof. The judgment of the trial court is presumed correct and appellant bears the burden on appeal to prove trial court error. A conviction will be affirmed on appeal "unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680; *see Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Appellant offers no evidence to show as a matter of law that his driving was such as required the trial court to impose less punishment than was given.

The majority writes that at the sentencing hearing "the Commonwealth reaffirmed its earlier willingness to proceed under the amended statute [which was not yet the law], even though it was not effective at the time of appellant's plea." Because we were not provided with a transcript of the trial proceedings, we cannot be certain that the Commonwealth earlier disclosed such a "willingness"; however, if a motion to consider the matter as a misdemeanor was made, it occurred and was rejected prior to appellant's entering his guilty plea and waiver of his right of appeal. These waivers were made after appellant was advised that if the trial court accepted his plea appellant would be sentenced to not less than one nor more than three years in prison. He should not now be heard to say that he must be sentenced to a term less than he agreed to accept.

At the sentencing hearing, the trial court stated that "[i]n the facts of this case that this should be treated under the old law." That statement appears to be a finding that the evidence did not qualify appellant to be treated as a misdemeanant. In any event, I cannot say that the evidence was sufficient to require that as a matter of law appellant must be thus treated. We know that appellant did not show by this record that he was entitled to that treatment and, therefore, he did not meet his burden to prove that

the trial court was plainly wrong. Accordingly, we should affirm the judgment of the trial court.

The majority relies upon *Kauffmann v. Commonwealth*, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989) to show that the Commonwealth has the discretion to determine with what "offense" a criminal defendant will be "charged." I agree; however, here the Commonwealth "charged" appellant by indictment alleging a felony, and thereafter prosecuted him on that "charge." The words quoted from *Kauffmann* are inapposite here.

The majority also quotes from *Mason v. Commonwealth*, 217 Va. 321, 228 S.E.2d 683 (1976), wherein the Court said that where there are *two* statutes, one a felony and the other a misdemeanor, "it is a matter of prosecutorial election whether the Commonwealth proceeds under the misdemeanor statute or the felony statute." *Id.* at 323, 228 S.E.2d at 684. In the quote from *Mason*, the majority inserts an ellipsis at the end of the quote. That ellipsis represents the phrase "in the defendant's situation." *Id. Mason* also is inapposite. In *Mason*, the defendant's situation was that there were two statutes available to the Commonwealth, and, as here, the felony was chosen. Here, the Commonwealth *elected* to "charge" and "proceed" on the felony.

After citing *Kauffmann* and *Mason*, the majority asserts that *Abdo v. Commonwealth*, 218 Va. 473, 237 S.E.2d 900 (1977), and *Ruplenas v. Commonwealth*, 221 Va. 972, 275 S.E.2d 628 (1981), require that the judgment of the trial court be reversed. *Ruplenas* states clearly the holding in *Abdo* was that the literal language of *Abdo* directs that before a new penalty may be imposed the Commonwealth must *first* elect to proceed under the new law. 221 Va. at 977, 275 S.E.2d at 631 (emphasis added). The Court then held:

> We hold that the penalty in existence at the time of the offense should be applied unless the Commonwealth *first* elects to proceed under the new statute and obtains the consent of the defendant to do so. A contrary rule might encourage dilatory tactics and procrastination which would hamper the judicial process.

*Id.* at 978, 275 S.E.2d at 632 (emphasis added). In the case before us, the Commonwealth *first* elected to proceed by an in-

dictment that "charged" a felony. The Commonwealth secondly decided to "proceed" to prosecute pursuant to that indictment. The conviction obtained by the Commonwealth is as charged in the indictment. I believe that *Ruplenas* controls and concur in Justice Thompson's observation that to hold otherwise "might encourage dilatory tactics and procrastination which would hamper the judicial process." *Id.*

For the reasons stated, I would affirm the judgment of the trial court.