COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


WILBERT TAYLOR, SR.

                                                        OPINION BY
v.        Record No. 2746-03-3            JUDGE ROBERT J. HUMPHREYS
                                                      NOVEMBER 2, 2004

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                          Humes J. Franklin, Jr., Judge

            Peter R. Roane (Imhoff and Associates, on brief), for appellant.

            (Jerry W. Kilgore, Attorney General; Leah A. Darron, Assistant
            Attorney General, on brief), for appellee.  Appellee submitting
            on brief.


        On October 22, 2003, the trial court sentenced appellant, Wilbert Taylor, Sr., to five years

in prison for violating Code § 18.2-308.4, which prohibits the possession of certain controlled

substances while simultaneously possessing a firearm.  Taylor argues on appeal that the trial

court erred in denying his request to be sentenced under the amended version of Code

§ 18.2-308.4, which became effective on July 1, 2003, rather than the version of the statute that

was in effect at the time he committed the offense.  We hold that the trial court did not err in

denying Taylor's motion and, therefore, affirm the judgment of the trial court.

                                    I.  Background

        On September 24, 2002, Taylor was arrested for possession of cocaine, in violation of

Code § 18.2-250, possession of marijuana, in violation of Code § 18.2-250.1, and possession of

cocaine while simultaneously possessing a firearm, in violation of Code § 18.2-308.4.  A grand

jury indicted Taylor on March 10, 2003, and, following a bench trial on May 5, 2003, the trial court convicted Taylor for each of these offenses.

Prior to his sentencing hearing, which was held on October 22, 2003, Taylor moved to be sentenced under the version of Code § 18.2-308.4 that became effective on July 1, 2003. The trial court denied his motion and sentenced Taylor to five years for violating Code § 18.2-308.4, five years for possession of cocaine, and twelve months for possession of marijuana. The trial court suspended all but the five years for violating Code § 18.2-308.4 and set the sentences to run concurrently.

## II.  Legislative History of Code § 18.2-308.4

The General Assembly enacted Code § 18.2-308.4 in 1987. See Acts 1987, ch. 285. The original version of the statute prohibited the possession of certain controlled substances while simultaneously possessing a firearm. A violation of Code § 18.2-308.4 was classified as a Class 6 felony, and the statute, as originally enacted, did not carry any mandatory sentencing provisions.

The 1990 amendments to the statute made relatively minor changes to the language of the statute. See Acts 1990, ch. 625.

The 1992 amendments added an additional, separate offense, embodied in then-subsection B of the statute, for possessing, using, or attempting to use

> any pistol, shotgun, rifle or other firearm or display[ing] such weapon in a threatening manner while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a [Schedule I or Schedule II] controlled substance . . . or more than one pound of marijuana.

Acts 1992, ch. 707. The 1992 amendments additionally provided that "any person convicted" under the new subsection "shall be sentenced to a term of imprisonment of two years for a first

- 2 -

conviction and for a term of four years for a second or subsequent conviction," without the possibility of suspension or parole. See id. The original simultaneous possession offense, retained in subsection A of the amended statute, did not contain a mandatory sentencing provision. Also, under the 1992 version of the statute, a violation of subsection A was considered a separate and distinct felony.

The 1993 amendments to the statute altered the mandatory sentencing provisions for a violation of then-subsection B, providing that "any person convicted" under that section "shall be sentenced to a term of three years for a first conviction and for a term of five years for a second or subsequent conviction," without the possibility of suspension or parole. Acts 1993, ch. 831.

In 1999, the General Assembly again amended the statute. See Acts 1999, chs. 829 & 846. The 1999 amendments – which created the version of the statute under which Taylor was convicted – removed the language in subsection A indicating that a violation of that subsection was a separate felony, and additionally created a mandatory minimum sentence of five years for violating either subsection A or then-subsection B of the statute.[1]

In 2003, the General Assembly once again modified the statute, moving the former subsection B to subsection C, and adding a third, intermediate offense, embodied in subsection B of the current statute, which prohibits the possession of certain controlled substances while simultaneously possessing a firearm on or about one's person. See Acts 2003, ch. 949.

---

[1] We held in Askew v. Commonwealth, 38 Va. App. 718, 568 S.E.2d 403 (2002), that "the plain language of the [1999 version of the] statute makes the punishment provided for in [then-subsection B] applicable to the entire statutory 'section,' not to merely one of the subsections contained therein." Id. at 725, 568 S.E.2d at 407. We reasoned that, prior to 1999, "each subsection provided for a separate penalty for each separately defined offense." Id. at 726, 568 S.E.2d at 407. Because the 1999 amendments removed the statutory language providing that a violation of either subsection constituted a "separate and distinct felony," we concluded that the five-year mandatory minimum sentence applied to a violation of either subsection. See id.

Presumably to address our decision in Askew v. Commonwealth, 38 Va. App. 718, 568 S.E.2d 403 (2002), the legislature expressly provided that a violation of any of the three subsections "constitutes a separate and distinct felony." Acts 2003, ch. 949. Under the 2003 version of the statute, a violation of subsection A no longer carried a mandatory minimum sentence, a violation of subsection B carried a mandatory minimum sentence of two years, and a violation of subsection C carried a mandatory minimum sentence of five years.

The statute was again amended in 2004. See Acts 2004, chs. 461 & 995. The 2004 amendments removed a mandatory forfeiture provision and also deleted statutory language prohibiting suspension of the mandatory minimum sentences.

### III. Analysis

The sole issue on appeal is whether the trial court erred in denying Taylor's motion to retroactively apply the sentencing provisions contained in the 2003 version of Code § 18.2-308.4. For the reasons that follow, we find no error and, therefore, affirm the judgment of the trial court.

Initially, we note that the issue of whether a statute should be applied retroactively presents a question of law that we review *de novo* on appeal. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) ("[W]e review the trial court's statutory interpretations and legal conclusions *de novo*."); see also Horner v. Dep't of Mental Health, Mental Retardation & Substance Abuse Servs., 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004) ("Statutory interpretation presents a pure question of law subject to *de novo* review by this Court." (citing Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003))).

### A.

"The general rule is that statutes are prospective in the absence of an express provision by the legislature." Washington v. Commonwealth, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975).

Accordingly, "when a statute is amended while an action is pending, the rights of the parties are to be deemed in accordance with the law in effect when the action is begun, *unless the amended statute shows a clear intention to vary such rights*." Id. (citing Burton v. Seifert Plastic Relief Co., 108 Va. 338, 350-51, 61 S.E. 933, 938 (1908)) (emphasis added); see also Berner v. Mills, 265 Va. 408, 413, 579 S.E.2d 159, 161 (2003) ("Our analysis is guided by the fundamental principles of statutory construction that retroactive laws are not favored, and that a statute is always construed to operate prospectively unless a contrary legislative intent is manifest."); Parker v. County of Madison, 244 Va. 39, 41, 418 S.E.2d 855, 856 (1992) ("[N]ew laws will apply only to future cases unless there is something in the very nature of the case, or in the language of the new provision, which shows that the new law was intended to have a retrospective effect." (citing Glouster Realty Corp. v. Guthrie, 182 Va. 869, 875, 30 S.E.2d 686, 688-89 (1944))). Further, "[e]very reasonable doubt is resolved against a retroactive operation of a statute, and words of a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them . . . ." Shilling v. Commonwealth, 4 Va. App. 500, 507, 359 S.E.2d 311, 315 (1987) (citing 17 Michie's Jurisprudence Statutes § 73 (1979)); see also Foster v. Smithfield Packing Co., 10 Va. App. 144, 147, 390 S.E.2d 511, 513 (1990) ("[R]etroactive effect will be given to a statute only when legislative intent that a statute be so applied is stated in clear, explicit, and unequivocal terms.").

Here, the amended version of Code § 18.2-308.4 contains no language – much less "clear, explicit, and unequivocal" language – indicating that its provisions should be applied retroactively. As we noted in Foster, "[w]hen the legislature has intended retroactive effect for a statute, it has done so in explicit terms." 10 Va. App. at 148, 390 S.E.2d at 513. Because there are no "explicit terms" in the 2003 version of Code § 18.2-308.4 indicating that the amendments

should be given retroactive effect, "the legislature is presumed to have intended that . . . [the] amendment[s] will operate prospectively only." Id.

Taylor argues, however, that the legislative history of Code § 18.2-308.4 "demonstrates that the General Assembly clearly intended to apply the 2003 amendments retroactively to all pending cases." Taylor contends that, because the 2003 amendments "undid" the 1999 amendments "and reestablished proportionate penalties for the three firearms offenses in the statute," this "strongly suggests not only that the legislative experiment embodied in the 1999 amendment was abandoned in favor of a return to a proportionate schedule of penalties," but also that "the General Assembly intended that the new law enacted in 2003 should be retroactively applied to all pending cases."

We decline to hold that the mere return to a prior statutory scheme conclusively establishes that the legislature intended for a statutory amendment to be applied retroactively. In the absence of "clear, explicit, and unequivocal language" providing that the amendment is to be given retroactive effect, the reenactment of a previously altered statutory scheme is, by itself, insufficient "to override the presumption that new laws are to be prospective in their operation." Shilling, 4 Va. App. at 508, 359 S.E.2d at 315.

Moreover, although not discussed by either party to this appeal, Code § 1-13.39:3 provides that

> [w]henever the word *"reenacted"* is used in the title or enactment of a bill or act of assembly, it shall mean that the changes enacted to a section of the Code of Virginia or an act of assembly are in addition to the existing substantive provisions in that section or act, *and are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date*.

(Second emphasis added). Accordingly, as noted by the Virginia Supreme Court, "a 'reenacted' statute will be applied retroactively only if the bill or act of assembly containing the legislation

explicitly and unequivocally meets the requirements of Code § 1-13.39:3." Berner, 265 Va. at 413, 579 S.E.2d at 413.

The bill setting forth the 2003 amendments to Code § 18.2-308.4 announces: "That § 18.2-308.4 of the Code of Virginia is amended *and reenacted* as follows . . . ." Acts 2003, ch. 949 (emphasis added). Thus, Code § 1-13.39:3 applies to the 2003 amendments, and those amendments cannot be applied retroactively "unless the bill expressly provides that such changes are effective retroactively on a specified date." Code § 1-13.39:3. As discussed above, the 2003 amendments do not contain any language indicating that the amended statute should be applied retroactively, nor do they provide a specified date upon which the amendments would be deemed retroactive. "The absence of this required language from the bill compels a conclusion that the amendments to those sections are effective prospectively, not retroactively." Berner, 265 Va. at 414, 579 S.E.2d at 161.

B.

However, even if the language of an amended statute does not provide that the amendments should be given retroactive effect, the statute may still be retroactively applied under certain, limited circumstances. Specifically, according to Code § 1-16:

> No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; *and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect*.

(Emphases added).  See also Ruplenas v. Commonwealth, 221 Va. 972, 975, 275 S.E.2d 628, 630 (1981) (noting that, in deciding whether mitigating provisions in an amended statute should be applied retroactively, "our guiding rule of construction is set forth in Code § 1-16").

Here, the 2003 amendments to Code § 18.2-308.4 did mitigate the punishment, under certain circumstances, for possession of cocaine while simultaneously possessing a firearm. Specifically, the legislature eliminated the mandatory minimum sentence for a violation of subsection A, which it re-established as a separate felony.  The 2003 amendments also created a new, intermediate offense in subsection B, with a reduced mandatory minimum sentence of two years.  Accordingly, because the 2003 amendments mitigated, in part, the penalty for violating Code § 18.2-308.4, the 2003 version of the statute "may" be applied "with the consent of the party affected" when sentencing a defendant convicted under the earlier version of the statute. Code § 1-16.

The Virginia Supreme Court, however, has interpreted the final sentence of Code § 1-16 to mean "that the penalty in existence at the time of the offense should be applied *unless* the Commonwealth first elects to proceed under the new statute *and* obtains the consent of the defendant to do so."  Ruplenas, 221 Va. at 978, 275 S.E.2d at 632 (emphasis added).  In Ruplenas, the Court specifically rejected an interpretation of the statute that would have given "the *defendant* [] an *exclusive* right to choose the statute under which he will be sentenced."  Id. (emphases in original).  The Court reasoned that the rejected rule "might encourage dilatory tactics and procrastination which would hamper the judicial process" and that "two or more offenses occurring at the same time could conceivably receive different penalties depending upon fortuitous circumstances as to when the cases come to trial."  Id.

Here, as Taylor has conceded, the Commonwealth did not elect to proceed under the 2003 version of Code § 18.2-308.4, nor was it required to do so.  See Awkard v. Commonwealth,

19 Va. App. 605, 608, 454 S.E.2d 18, 20 (1995) ("The discretion as to the election [to proceed under an amended statute] lies with the Commonwealth, not the court."). Because the Commonwealth did not exercise its discretion to seek sentencing under the amended version of the statute, the trial court did not err in holding that Taylor should be sentenced under the 1999 version of the statute.

C.

Finally, in support of his assertion that the 2003 amendments to Code § 18.2-308.4 should be applied retroactively, Taylor relies on our decision in Herrera v. Commonwealth, 24 Va. App. 490, 483 S.E.2d 492 (1997). Specifically, in Herrera, we held that "the trial court lacked jurisdiction to convict [the defendant]" because the statute under which he was convicted had been declared unconstitutional and, therefore, was void at its inception. Id. at 494-95, 483 S.E.2d at 495. Because Herrera did not involve the retroactive application of an amended statute, but rather, the retroactive application of a judicial decision invalidating a statute on constitutional grounds, Taylor's reliance on this decision is misplaced.

Accordingly, we hold that the trial court did not err when it denied Taylor's motion to be sentenced under the 2003 version of Code § 18.2-308.4, and we therefore affirm the judgment of the trial court.

Affirmed.