COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank


LEON BRYAN PRESBURY, S/K/A
 LEON B. PRESBURY, II

                                              MEMORANDUM OPINION* BY
v.        Record No. 0206-04-3              JUDGE RUDOLPH BUMGARDNER, III
                                                 DECEMBER 21, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                        Frank A. Hoss, Judge Designate

          (Ross S. Haine, Assistant Public Defender, on brief), for appellant.
          Appellant submitting on brief.

          (Jerry W. Kilgore, Attorney General; Leah A. Darron, Assistant
          Attorney General, on brief), for appellee.  Appellee submitting on
          brief.


        The trial court convicted Leon Bryan Presbury of distributing cocaine, Code

§ 18.2-248(C), and possessing a firearm while possessing cocaine, Code § 18.2-308.4(A).  He

contends the trial court erred in concluding that it had no discretion in sentencing him for the

firearm offense.  Finding no error, we affirm.

        The trial court convicted the defendant of offenses committed on January 22, 2003.  At

the time of the offenses, Code § 18.2-308.4(B)[1] imposed a mandatory minimum sentence of five

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-308.4(A) provided, "It shall be unlawful for any person unlawfully in
possession of a controlled substance . . . to simultaneously with knowledge and intent possess
any firearm."
        Subsection (B) provided:

                Violation of this section shall constitute a separate and distinct
                felony and any person convicted thereof shall be guilty of a Class 6
                felony, shall not be eligible for probation, and shall be sentenced to

years imprisonment. The General Assembly amended the statute, effective July 1, 2003, to establish gradations for the offense and to fix new punishments. See Taylor v. Commonwealth, 44 Va. App. 179, ___, 604 S.E.2d 103, ___ (2004).

The trial court sentenced the defendant after the effective date of the amended statute. The defendant asked the trial court to suspend his sentence and allow him to enter a diversion program. He appeals the trial court's ruling that it did not have discretion to suspend the mandatory sentence.

The law in effect at the time of the offense determines the penalty that the trial court must impose. Id. When the defendant committed the offense, Code § 18.2-308.4(A) imposed a minimum, mandatory penalty of five years imprisonment. No part of that sentence could be suspended. The trial court had no discretion to exercise in fixing the defendant's sentence. Accordingly, we affirm.

Affirmed.

---

a minimum mandatory term of imprisonment of five years, which shall not be suspended in whole or in part. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.