COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Fulton, Ortiz and Senior Judge Petty
Argued at Lexington, Virginia


TAYLOR ELLESSE GOODWIN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0312-22-3                      JUDGE DANIEL E. ORTIZ
                                                    NOVEMBER 9, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

Kelsey Bulger, Senior Assistant Public Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Code § 4.1-1302, which prohibits searches based solely on the odor of marijuana and

excludes evidence obtained from such searches, does not apply retroactively.  Taylor Ellesse

Goodwin appeals the trial court's denial of their[1] pretrial motion to exclude evidence of disorderly

conduct and obstruction of justice, occurring during a traffic stop based solely on the smell of

marijuana.  Goodwin argues that Code § 4.1-1302 retroactively prohibited the stop and any

evidence obtained from the stop.  Because we find that Code § 4.1-1302 does not apply

retroactively, we affirm the trial court's judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The opening brief referred to Goodwin as "they/them" and "Mx. Goodwin."  The trial
court used these pronouns, and we do the same in this opinion.

BACKGROUND

On January 29, 2021, Officer Matthew Lombardi of the City of Lexington Police Department stopped a car based solely on the smell of marijuana. Goodwin, the passenger, disputed Officer Lombardi's stop, invoking the "new marijuana law," and directed the driver to not listen to Officer Lombardi. Officer Lombardi asked the driver and Goodwin to step out of the car, but Goodwin refused. After Officer Greg Gardner arrived to assist Officer Lombardi, the officers attempted to remove Goodwin and place them in the patrol car. Goodwin resisted by pulling away, removing their handcuffs, knocking on the patrol car window, and refusing to identify themselves. Although the officers found no marijuana in the stopped car,[2] Goodwin was charged with obstruction of justice and disorderly conduct based on their conduct and statements after the stop.

On January 7, 2022, Goodwin filed a motion *in limine* to exclude evidence of their conduct and statements during the traffic stop, arguing that Code § 4.1-1302 was procedural and therefore applied retroactively. Code § 4.1-1302 took effect on July 1, 2021. It prohibits stops, searches, and seizures "solely on the basis of the odor of marijuana" and excludes the introduction of any "evidence discovered or obtained pursuant to a violation of this subsection" at "any trial, hearing, or other proceeding."[3] The trial court denied the motion *in limine*, finding Code § 4.1-1302 not retroactive. Goodwin entered a conditional plea, and the trial court imposed a fine of two hundred dollars and a suspended sentence of ten days for each of the two charges.

---

[2] These facts may illustrate the unreliability of the odor of marijuana as a basis for probable cause and the need for Code § 4.1-1302. However, this opinion addresses the retroactivity, not wisdom, of the legislation.

[3] Code § 4.1-1302 reenacted the previous Code § 18.2-250.1(F), which took effect on March 1, 2021, almost verbatim, adding only the words "and no search warrant may be issued."

ANALYSIS

Goodwin assigns error to the trial court's denial of the motion *in limine*, arguing that

Code § 4.1-1302 applies retroactively. This Court generally reviews a trial court's decision on

admissibility of evidence for abuse of discretion, *Davenport v. Util. Trailer Mfg. Co.*, 74

Va. App. 181 (2022), but whether a statute is retroactive is a question of law that this Court

reviews *de novo*, *Taylor v. Commonwealth*, 44 Va. App. 179, 184 (2004).

The trial court did not err in denying Goodwin's motion because Code § 4.1-1302 is not

retroactive. In statutory interpretation, the general presumption is against retroactivity.

*Montgomery v. Commonwealth*, 75 Va. App. 182, 189-90 (2022) (citing *McCarthy v.*

*Commonwealth*, 73 Va. App. 630, 647 (2021)). The presumption is overcome when "the

General Assembly uses explicit terms detailing the retroactive effect of the legislation" or when

"a law affects procedure only, instead of vested or substantive rights." *Id.* at 190 (citing

*McCarthy*, 73 Va. App. at 647). A law that "deals with [the] creation of duties, rights, and

obligations" is substantive, while a law that "prescribe[s] methods of obtaining redress or

enforcement of rights" is procedural. *Id.* at 197 (first alteration in original) (first quoting

*McCarthy*, 73 Va. App. at 650; then quoting *Shiflet v. Eller*, 228 Va. 115, 120 (1984)). Code

§ 1-239 codified this "substantive/procedural dichotomy," providing that no new law "shall be

construed to repeal a former law . . . except that the proceedings thereafter held shall conform, so

far as practicable, to the laws in force at the time of such proceedings." *Montgomery*, 75

Va. App. at 192-93; Code § 1-239.

Because Code § 4.1-1302 contains no explicit terms detailing its retroactivity, the

question turns on whether the statute is retroactive as a procedural legislation. This Court

recently held in *Montgomery* that Code § 18.2-250.1(F) was not retroactive. 75 Va. App. 182.

This statute, effective from March 1, 2021, to June 30, 2021, provided as follows:

- 3 -

No law-enforcement officer, as defined in § 9.1-101, may lawfully stop, search, or seize any person, place, or thing solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

The code section at issue reenacted Code § 18.2-250.1(F) almost verbatim, adding only the words "and no search warrant may be issued."

In *Montgomery*, this Court reasoned that Code § 18.2-250.1(F) provided both "a statutory expansion of the constitutional restrictions on the ability of a law enforcement officer to conduct a search or a seizure" and "an exclusionary remedy for violating the search and seizure prohibition." 75 Va. App. at 194. The first part of the statute was substantive, while the second was procedural. *Id.* at 195-97. Thus, although an exclusionary remedy "may" apply retroactively, this Court reasoned that it did not apply when evidence was not obtained "pursuant to a violation" of the substantive, non-retroactive part. *Id.* at 195-96. Therefore, this Court held that the exclusionary remedy did not apply to a search that had occurred before the effective date of Code § 18.2-250.1(F), when there was no provision to "violate." *Id.* at 196.

Although Goodwin argues that Code § 4.1-1302 is "procedural in nature" because it addresses the admissibility of evidence, without stating whether specific conduct is criminal or dictating the outcome of a particular case, this Court rejected a similar argument in *Montgomery*. In *Montgomery*, this Court found that Code § 18.2-250.1(F) created a substantive "'duty' and 'obligation' on the part of law enforcement to refrain from searches and seizures based solely upon the odor of marijuana for the benefit of everyone and a 'right' to not have such evidence used against them." 75 Va. App. at 198. The Court reasoned that "even if we accept the erroneous characterization . . . that the search and seizure prohibition is purely procedural, the

'procedure' at issue," which is the stop, search, or seizure, "[took] place before the statute became effective." *Id.* at 199.

Additionally, in *Street v. Commonwealth*, 75 Va. App. 298 (2022), this Court cited *Montgomery* and held that Code § 4.1-1302 was similarly non-retroactive. Goodwin urges us to revisit *Montgomery* and *Street*. However, "[u]nder our rule of interpanel accord . . . [t]he decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). Therefore, we must adhere to the holdings of *Montgomery* and *Street*.

The traffic stop that led to Goodwin's convictions occurred on January 29, 2021, before Code § 4.1-1302 and Code § 18.2-250.1(F) took effect. Because Code § 4.1-1302 does not apply retroactively, the trial court did not err in denying Goodwin's motion *in limine* to exclude evidence obtained from the stop.[4]

## CONCLUSION

Because Code § 4.1-1302 does not apply retroactively to the January 29, 2021 traffic stop, the trial court did not err in denying Goodwin's motion to exclude evidence obtained from the stop. We therefore affirm Goodwin's convictions.

*Affirmed.*

---

[4] The Commonwealth argues that, even if this Court finds Code § 4.1-1302 retroactive and the traffic stop impermissible, the good faith exception and the new and distinct conduct exception to the Fourth Amendment exclusionary rule provide alternative grounds for denying Goodwin's motion. The Commonwealth argues that under *Commonwealth v. Campbell*, 294 Va. 286 (2017), this Court could consider traditional Fourth Amendment principles when applying statutory exclusionary remedies. However, because Code § 4.1-1302 is not retroactive under *Montgomery*, the exclusionary remedy does not apply to the traffic stop at issue, and we do not address the constitutional questions.

Petty, S.J., concurring.

Apart from footnote 2, I concur in the opinion.