COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, Friedman and Callins
Argued by videoconference


DAVID BRIAN LOEPER, II

MEMORANDUM OPINION* BY
v.        Record No. 0585-22-2           JUDGE FRANK K. FRIEDMAN
JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

(Richard A.H. Quitiquit; Jurach, Tacey, & Quitiquit, PLC, on brief),
for appellant.  Appellant submitting on brief.

John W. Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


David Brian Loeper, II, appeals his convictions of distribution of marijuana and two counts

of possession of a Schedule I or II controlled substance.  He argues that the trial court erred in

denying his motion to suppress evidence found during a search of his vehicle in June 2020.

Appellant argues that Code § 4.1-1302(A) should apply retroactively, making inadmissible any

evidence found pursuant to a search based solely on the odor of marijuana.  Because Code

§ 4.1-1302(A) does not apply retroactively, we affirm the trial court's ruling.

Background

On an appeal of a circuit court's denial of a motion to suppress, this Court views the

evidence in the light most favorable to the Commonwealth.  *Rivera v. Commonwealth*, 65

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 379, 384 (2012). Here, the facts of the case were proffered by the Commonwealth at appellant's plea hearing.

On June 3, 2020, Deputy Brockenbrough of the Hanover County Sheriff's Office saw appellant at a gas pump at the Sheetz gas station in Ashland, Virginia. Appellant's vehicle had a temporary license plate, and when Deputy Brockenbrough ran a registration check he found that the tag was expired. Appellant was the registered owner of the vehicle and was found to have a suspended driver's license.

Deputy Brockenbrough watched appellant in the Sheetz parking lot for almost an hour and a half, and saw that appellant never pumped any gas. When the deputy approached appellant's vehicle on foot, he smelled marijuana "wafting" from the open sunroof of appellant's car. Deputy Brockenbrough searched appellant's vehicle and found marijuana and a backpack containing amphetamines and other Schedule I drugs. There was also a digital scale in the trunk.

Appellant stated that the drugs in the car belonged to him, that he was the only person who drove that vehicle, and that the vehicle's contents were "his personal belongings." He estimated that there was between one and two pounds of marijuana in the car. He said that most of the marijuana was for personal use, but that he had "customers and friends" whom he provided with marijuana. He denied selling the other substances and called the backpack containing them his "fun box."

Almost a year after this search, on March 1, 2021, Code § 18.2-250.1(F) went into effect. This code section forbade searches based solely on the odor of marijuana and ordered the suppression of evidence found as a result of any such search. On July 1, 2021, Code § 18.2-250.1 was repealed and Code § 4.1-1302(A) went into effect, stating:

> No law-enforcement officer, as defined in § 9.1-101, may lawfully
> stop, search, or seize any person, place, or thing and no search
> warrant may be issued solely on the basis of the odor of marijuana
> and no evidence discovered or obtained pursuant to a violation of this

subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

On August 17, 2021, the trial court denied appellant's motion to suppress, finding that Code § 4.1-1302(A) could not be applied retroactively because its exclusionary rule applies only to evidence discovered pursuant to a violation of Code § 4.1-1302(A)—because the statute was not in existence at the time of the search, the search could not have violated the statute. The trial court additionally found that Code § 4.1-1302(A) could not be applied retroactively because it was both substantive and procedural. Appellant later entered conditional guilty pleas to all three charges, reserving his right to appeal the denial of his motion. That appeal is now before this Court, with appellant alleging that the trial court erred in denying his motion and finding that Code § 4.1-1302(A) did not apply retroactively.

Standard of Review

"We are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence. We will review the trial court's application of the law de novo." *Malbrough v. Commonwealth*, 275 Va. 163, 168-69 (2008). Because the facts of the case are not in dispute, this Court need look only at the trial court's application of the law to the facts, making this case subject to de novo review. *Street v. Commonwealth*, 75 Va. App. 298, 304 (2022).

Whether a statute should be applied retroactively is a question of law that must be reviewed de novo on appeal. *See Taylor v. Commonwealth*, 44 Va. App. 179, 184 (2004). "When construing statutes, the role of the judiciary is to discern the intent of the legislature as expressed through the plain meaning of the words of the statute." *Montgomery v. Commonwealth*, 75 Va. App. 182, 189 (2022).

<u>Analysis</u>

Statutes generally are interpreted to operate prospectively rather than retroactively "unless a contrary legislative intent is manifest." *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)). However, this presumption in favor of prospective application may be overcome in two different ways: "when the General Assembly uses explicit terms detailing the retroactive effect of the legislation," or when "a law affects procedure only, instead of vested or substantive rights." *Montgomery*, 75 Va. App. at 190.

"A law affects substantive rights if it 'deals with [the] creation of duties, rights, and obligations.'" *Id.* (quoting *McCarthy*, 73 Va. App. at 650). "Alternatively, laws are procedural if they 'prescribe[ ] methods of obtaining redress or enforcement of rights.'" *Id.* (quoting *Shiflet v. Eller*, 228 Va. 115, 120 (1984)). When a procedural rule is applied "retroactively," this means that "the law in effect when the cause of action arose does not govern the procedural aspects of a case, but the law in effect when the procedure itself takes place does." *Id.* at 191 n.7.

Code § 1-239 also governs which version of a statute applies to a court proceeding:

> No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new act of the General Assembly takes effect; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

As this Court explained in *Montgomery*, Code § 1-239 states that "statutory changes *that only affect procedure* should 'conform, so far as practicable, to the laws in force at the time of such proceedings.'" 75 Va. App. at 193 (emphasis added) (quoting Code § 1-239). This rule—which

applies only to wholly procedural changes in the law—requires courts to "look at the law at the time of the procedure and apply that law, no matter when the substance of any cause of action arose or criminal offense took place." *Id.*

Because appellant's crime occurred prior to the enactment of Code § 4.1-1302(A), the statute can apply to his case only if "the plain language of the statute makes that retroactive application clear" or if Code § 4.1-1302(A) is "wholly procedural." *Id.* at 194. Here, our analysis is controlled by *Montgomery v. Commonwealth* and *Street v. Commonwealth*. "A holding by one panel of the Court of Appeals of Virginia 'bind[s] all other three-judge panels under the interpanel accord doctrine.'" *White v. Commonwealth*, 67 Va. App. 599, 612 n.7 (2017) (quoting *Startin v. Commonwealth*, 56 Va. App. 26, 39 n.3 (2010) (en banc)).

This Court found in *Montgomery v. Commonwealth* that Code § 18.2-250.1(F)—the predecessor of Code § 4.1-1302(A)—was both substantive and procedural, and therefore could not apply retroactively.[1] 75 Va. App. at 199. The *Montgomery* Court based this holding on a finding that the statutory change was an "expansion of the scope of the Fourth Amendment right to be free from unreasonable searches to include searches based exclusively on the odor of marijuana." *Id.* at 198. The Court concluded that "the statute quite clearly creates both a 'duty' and 'obligation' on the part of law enforcement to refrain from searches and seizures based solely upon the odor of marijuana for the benefit of everyone and a 'right' to not have such evidence used against them," and that therefore Code § 18.2-250.1(F) was not purely procedural.[2] *Id.*

---

[1] The language of Code § 4.1-1302(A) closely mirrors Code § 18.2-250.1(F), with the sole addition of forbidding search warrants based on the odor of marijuana.

[2] The majority in *Montgomery* went on to note that, even if Code § 18.2-250.1(F) were purely procedural, it still would not bar the evidence in that case. The "procedure" at issue in Code § 18.2-250.1(F) is "the search and seizure of marijuana," and that procedure took place before Code § 18.2-250.1(F) went into effect. The law in effect at the time of the procedure governs; at the time of the search in *Montgomery*, a search based solely on the odor of marijuana was legal. The Court noted that, absent "express direction from the General Assembly," courts

The *Montgomery* Court also noted that, while the exclusionary provisions of Code § 18.2-250.1(F) were procedural, they applied to "'a violation' of the prohibition to search or seize evidence solely based on the odor of marijuana." *Id.* at 195. Because Code § 18.2-250.1(F) did not exist at the time of the search of Montgomery's car, the search could not be considered a "violation" of Code § 18.2-250.1(F). *Id.* at 195-96.

In *Street v. Commonwealth*, this Court reached the same conclusion when considering Code § 4.1-1302(A). The *Street* Court described Code § 4.1-1302(A): "[T]he first portion of the statute (the 'right' prong) gives individuals a new right to be free from searches that are based solely on the odor of marijuana. The second portion (the 'remedy' prong) grants the remedy of exclusion of evidence for a violation of that specific new right." 75 Va. App. at 307. The Court concluded that "the 'right' prong—entitling individuals to be free from specified searches and seizures based solely on the odor of marijuana—did not exist prior to the effective date of the predecessor statute, Code § 18.2-250.1(F), on March 1, 2021" and that the "remedy" therefore could not apply to a search that occurred prior to March 1, 2021. *Id.*

Code § 1-239 requires that, when a new act is passed by the General Assembly, "the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings." In the present case, it would not have been "practicable" for the proceedings held after the change in law to conform to the new requirements of Code § 4.1-1302(A). At the time the search was conducted, police could permissibly search based on the odor of marijuana. As the *Street* Court explained, "it is impossible, and therefore not 'practicable' as that term is used in Code § 1-239, to apply the exclusionary provision (the remedy prong) of Code § 4.1-1302(A)"

---

may not "attach new legal consequences to a procedure—a search—that has already taken place." *Id.* at 199.

where the search took place before Code § 4.1-1302(A) or Code § 18.2-250.1(F) went into effect. 75 Va. App. at 311.

Here, we find it unnecessary—as did the Court in *Street*—to resolve the question of whether Code § 4.1-1302(A) is procedural or substantive.[3] *Id.* at 311 n.10. Because the search of Loeper's vehicle took place prior to the effective dates of either Code § 4.1-1302(A) or Code § 18.2-250.1(F), the exclusionary provisions of these statutes cannot apply to the search in the present case. Therefore, the trial court did not err in denying appellant's motion to suppress.

Conclusion

Our resolution of this case is dictated by *Street v. Commonwealth*:

> Code § 4.1-1302(A) does not expressly state that it is retroactive, and in fact it specifically provides for the exclusion only of evidence seized "pursuant to a violation of this subsection." Consequently, the subsection could not be violated before it or its predecessor [Code § 18.2-250.1(F)] took effect in 2021, well after the 2019 search at issue in this case.

75 Va. App. at 312.

The 2020 search at issue in the present case must meet the same outcome. The conclusion in *Street*—that the exclusionary remedy found in Code § 4.1-1302(A) could not apply to a "plain smell" search that took place before such searches were forbidden—is the same result that was reached by the trial court in the present case. The plain language of Code § 4.1-1302(A) supports this conclusion. The trial court correctly denied appellant's motion to suppress, and we now affirm his convictions.

*Affirmed.*

---

[3] Even if we were to find that Code § 4.1-1302(A) is purely procedural, the same result would follow in this case. The search of Loeper's vehicle could not have been "a violation of" Code § 4.1-1302(A), because that code section did not exist at the time of the search. Therefore, the evidence found during the search need not be suppressed. *See Street*, 75 Va. App. at 310-12.