UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges AtLee and Friedman

JOHN CALVIN KEY

                                                  MEMORANDUM OPINION[*]

v.      Record No. 0693-22-4                               PER CURIAM
                                                  MARCH 14, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Bradley R. Haywood; Office of the Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General; on brief), for appellee.


John Calvin Key asserts on appeal that the Arlington County Circuit Court erred in

imposing a "time served" disposition of over nine months in jail for absconding, in violation of

Code § 19.2-306.1, which at the time of sentencing limited any active period of incarceration to

fourteen days. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal of the revocation of a suspended sentence, the appellate court reviews the

evidence in the light most favorable to the Commonwealth, the party who prevailed below."

*Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

Key was convicted of robbery in 2011 and sentenced to twenty years in prison, with all but two years and six months suspended on condition that he complete an indefinite period of supervised probation. The trial court also ordered that he complete substance abuse and mental health counseling and that he obtain his GED. In 2016, the trial court found that Key violated the conditions of his probation, revoked his previously suspended sentence, and then resuspended all but four years. In May 2021, Key's probation officer prepared a major violation report indicating that Key was not in compliance with his probation. The violation was assigned case number CR10000691(02). The trial court issued a capias for case number (02) on May 4, 2021. On June 14, 2021, Key's probation officer submitted an addendum to the major violation report, indicating that Key had absconded from probation and that his whereabouts were unknown. That violation was assigned case number CR10000691(03). Key was arrested on charge (02) on June 23, 2021, and was held without bond. He was arrested on charge (03) on June 24, 2021. Key also made an initial appearance in court on June 24, 2021, at which time counsel was appointed and the case was scheduled for hearing on August 20, 2021.

After several continuances, on September 17, 2021, the trial court found Key guilty of violating his probation on charge (03). The trial court then suspended the imposition of sentence, ordered Key to successfully complete the "ACT Unit Program,"[1] and scheduled the matter on the court's docket for September 2022 for review.

Key was found ineligible for the ACT Unit Program. His case was moved up on the court's docket, and the trial court conducted a hearing on March 18, 2022. At the conclusion of the hearing, the trial court again found Key guilty of violating his probation and imposed a "time

_____

[1] The ACT Unit Program is a jail-based substance abuse program.

served" disposition on charge (03).[2] Key objected to the sentence "since that ends up being a nine-month sentence for absconding." The trial court noted Key's objection, and this appeal followed.

## STANDARD OF REVIEW

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court, whose findings of fact and judgment will not be reversed absent a clear showing of an abuse of discretion." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'" *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991) (quoting Code § 19.2-306). Moreover, "[u]nder well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). More specifically, "the issue of whether a statute should be applied retroactively presents a question of law that we review *de novo* on appeal." *Taylor v. Commonwealth*, 44 Va. App. 179, 184 (2004).

## ANALYSIS

Key asserts that the trial court's imposition of a "time served" disposition for his probation violation ultimately resulted in an active period of incarceration of nine months, since he was held in custody during the pendency of the case. He argues that because the nature of the violation in charge (03) was merely technical, the trial court was limited to imposing a fourteen-day sentence pursuant to the 2021 amendments to Code § 19.2-306. Key acknowledges that this Court previously opined in *Green v. Commonwealth*, 75 Va. App. 69 (2022), that the amendments to Code § 19.2-306 do not apply retroactively to probation violation proceedings, but he urges this Court to

---

[2] The violation for charge (02) was continued to April 1, 2022. That charge was adjudicated separately from charge (03) and was not appealed. It is therefore not before us.

reverse our holding in *Green* and remand the case for a new sentencing hearing. We decline that invitation and affirm.

"In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Before July 1, 2021, Code § 19.2-306(C) provided:

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect.

2021 Va. Acts Sp. Sess. I ch. 538. However, effective July 1, 2021, Code § 19.2-306(C) was "amended and reenacted" to provide that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." *Id.* "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under the new statute." *Green*, 75 Va. App. at 78. Pertinent to Key's case, a "'technical violation' means a violation based on the probationer's failure to . . . (x) maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer." Code § 19.2-306.1(A). "[I]f the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation and he cannot be safely diverted from active incarceration through less restrictive means, the court may impose not more than 14 days of active incarceration for a second technical violation." Code § 19.2-306.1(C). For purposes of subsection C, "a first technical violation based on clause (viii) or (x) of subsection A shall be considered a second technical violation . . . ." Code § 19.2-306.1(C).

There is no question that at the time of the final probation violation hearing on March 18, 2022, Code § 19.2-306.1 limited Key's active period of incarceration to fourteen days, since Key was before the court on a technical violation as defined by that statute. However, as *Green* makes clear, because the proceedings in this case commenced before the statute's enactment, the amendments to Code § 19.2-306 do not apply. Indeed, Key was initially placed on probation in 2011. His probation officer filed the most recent major violation report on May 3, 2021. The circuit court issued a warrant for Key's arrest on May 4, 2021, and Key was taken into custody when the warrants were executed on June 23, 2021. Key was arraigned on June 24, 2021, and counsel was appointed that day. Under these circumstances, the record shows that the judicial proceedings related to the revocation of Key's suspended sentence began before the statutory amendments took effect on July 1, 2021.

"[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights." *Green*, 75 Va. App. at 80 (quoting *Washington v. Commonwealth*, 216 Va. 185, 193 (1975)). "Nothing in the text of the amendments to Code § 19.2-306 or in Code § 19.2-306.1 shows a clear legislative intent for the amended statutory scheme governing revocation proceedings to apply to revocation proceedings that began prior to July 1, 2021." *Id.* "Therefore, because the plain language of Code § 19.2-306 and Code § 19.2-306.1 lacks any indication of retroactive intent on the part of the General Assembly, 'the rights of the parties are to be decided in accordance with the law in effect when the action was begun[.]'" *Id.* (alteration in original) (quoting *Washington*, 216 Va. at 193). The law in effect when the action was begun in Key's case was the former Code § 19.2-306, which vested the trial court with the discretion to impose "whatever sentence might have been originally imposed." *See* former Code § 19.2-306.

- 5 -

Key does not dispute that the revocation proceedings in this matter commenced before the enactment of the amendments to Code § 19.2-306. He merely argues that this Court's decision in *Green* was wrongly decided and asks that we reverse it. However, it is well settled that "[u]nder the interpanel-accord doctrine, the decision of a prior panel of this Court 'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court." *Johnson v. Commonwealth*, 75 Va. App. 475, 481 (2022) (quoting *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020)). "The interpanel-accord doctrine 'applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment.'" *Id.* (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)).

This Court's decision in *Green* controls the outcome of Key's case. Because the probation violation proceedings commenced before the enactment of the amendments to Code § 19.2-306, the provisions in Code § 19.2-306.1 did not apply to his sentence and the trial court did not err in imposing a "time served" disposition rather than an active period of incarceration "not to exceed fourteen days" as required by Code § 19.2-306.1(C). We find no error in the judgment.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*