COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


TODD BERNER, M.D. AND
 PRIMARY CARE FOR WOMEN, P.C.
                                          OPINION BY
v.   Record No. 1298-01-4          JUDGE NELSON T. OVERTON
                                         MARCH 26, 2002
SCOTT AND TARA MILLS,
 CO-ADMINISTRATORS OF THE ESTATE
 OF NELSON MILLS, AND
 TARA MILLS, INDIVIDUALLY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Susan L. Mitchell (Tara M. McCarthy;
             McCarthy & Massey, P.C., on briefs), for
             appellants.

             Robert T. Hall (Holly Parkhurst Essing; Donna
             Miller Rostant; Hall & Sickels, P.C., on
             brief), for appellees.


     Todd Berner, M.D. (Berner) and Primary Care for Women, P.C.

(Primary Care) appeal a decision of the Workers' Compensation

Commission ruling that it did not have jurisdiction over Primary

Care under the Virginia Birth-Related Neurological Injury

Compensation Act ("the Act").  Berner and Primary Care contend

the commission erred in (1) refusing to apply the April 1, 2000

amendments to Code §§ 8.01-273.1 and 38.2-5001 retroactively to

the present case; and (2) granting appellees a double recovery

under the Act and the Death by Wrongful Act statutes where the

only viable theory of liability against Primary Care was respondeat superior.  Finding no error, we affirm.

Background

On May 28, 1998, Tara Mills gave birth to a son, Nelson Mills ("the decedent").  The decedent remained on life support after his birth through June 7, 1998, at which time life support was discontinued and he died.

On April 1, 1999, Scott and Tara Mills filed a Motion for Judgment in the Arlington County Circuit Court ("the circuit court") against Berner and Primary Care seeking damages for the wrongful death of the decedent, the negligence of Berner, the negligence of Primary Care, and negligent infliction of emotional distress.

In a January 4, 2000 amended order, the circuit court referred the case to the commission pursuant to Code § 8.01-273.1 for the purpose of determining whether the cause of action satisfied the requirements of the Act.

On March 2, 2000, the Supreme Court issued an opinion in Jan Paul Fruiterman, M.D. and Assocs. v. Waziri, 259 Va. 540, 525 S.E.2d 552 (2000).  In Fruiterman, the Supreme Court held that professional corporations were not included in the definition of those persons and entities that were immunized from tort liability by the Act for birth-related neurological injury caused by medical malpractice.  Id. at 545, 525 S.E.2d 554.  Therefore, the plaintiff in Fruiterman was able to pursue

- 2 -

the medical malpractice wrongful death action against the professional corporation.  Id.

On March 23, 2000, relying upon Fruiterman, Scott and Tara Mills filed a Motion to Remand their claim against Primary Care to the circuit court.  The Millses also represented that they moved to non-suit and withdraw all remaining claims against Berner and waive any claim they might have had under the Act.  Berner and Primary Care opposed the motion to remand.

On April 28, 2000, the deputy commissioner issued an opinion finding that the commission did not have jurisdiction over Primary Care under the Act.  As a result, the deputy commissioner remanded the Millses' cause of action against Berner to the circuit court for it to consider their March 23, 2000 motion to nonsuit as to Berner.

On April 1, 2000, the Governor of Virginia signed House Bill 398, which amended Code §§ 8.01-273.1 and 38.2-5001.  As a result of those amendments, the definition of a "participating physician" subject to the Act was broadened to include "a partnership, corporation, professional corporation, professional limited liability company or other entity through which the participating physician practices."  In 2000 Va. Acts, chapter 207, clause 1, the General Assembly noted "that the provisions of this act amending § 38.2-5001 are declaratory of existing law."  Clause 2 stated "that an emergency exists and this act is in force from its passage."

- 3 -

On May 16, 2000, Berner and Primary Care requested review of the deputy commissioner's April 28, 2000 decision. On review, the commission held as follows:

> [T]he April 1, 2000, legislative amendments, while procedural in nature, affect the substantive rights of the parties who had the right to file a cause of action and did file a cause of action in tort against Primary Care before April 1, 2000. Thus we hold that the amendments do not apply retroactively to the claimants' suit.

In so ruling, the commission recognized the following:

> The change effectuated by the legislature on April 1, 2000, did more than change the forum in which the cause of action may be heard. . . . In the case at bar, the new legislation does not merely change the remedy or means by which a right is enforced; it changes the right itself.
>
> The new legislation substitutes a wrongful death action in tort for a no-fault cause of action under the Act. Va. Code § 8.01-50 provides a cause of action for the death of a person caused by "the wrongful act, neglect, or default of any person or corporation, . . . [when] the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action . . . [.]" The purpose of the Death by Wrongful Act statute is to compensate a decedent's statutory beneficiaries for their loss resulting from the decedent's death. In contrast, the Act provides an exclusive no-fault cause of action against participating entities under the statute, as long as the decedent sustained a birth-related neurological injury as defined in Va. Code § 38.2-5001 and a participating physician provided obstetrical services at birth or the birth occurred in a participating hospital. The purpose of the Act was to make medical

> malpractice insurance coverage available to licensed physicians.
>
> The claimants had a substantive right to sue Primary Care in a wrongful death action in tort as of June 8, 1998, the date of the decedent's death. The Virginia Supreme Court has noted that "the rights of the plaintiff and defendant under the [wrongful death] statutes became fixed at the time the cause of action accrued and subsequent amendments do not apply retroactively." Because the cause of action for wrongful death and the right to enforce it were created by statute, the statute in existence when these causes of action arose control the outcome of this case.

(Citations omitted.)

## I.

The commission did not err in refusing to apply the April 1, 2000 amendments retroactively. In reaching this decision, we are guided by certain well-accepted principles governing the retroactivity of statutes. The presumption in Virginia is against the retroactive application of statutes. Code § 1-16; Booth v. Booth, 7 Va. App. 22, 26, 371 S.E.2d 569, 572 (1988). "The intent of the General Assembly determines whether a statute will be applied [retroactively], but the general rule of statutory construction is that legislation only speaks prospectively." Id. at 26, 371 S.E.2d at 571-72. Moreover, "retroactive effect will be given to a statute only when legislative intent that a statute be so applied is stated in clear, explicit, and unequivocal terms; otherwise, a statute will be applied prospectively only and applied only to cases

- 5 -

that arise thereafter." Foster v. Smithfield Packing Co., 10 Va. App. 144, 147, 390 S.E.2d 511, 513 (1990).

These principles have been harmonized with the distinctions between substantive provisions of laws, which cannot be applied retroactively, and procedural or remedial statutes, which may be applied retroactively where a retroactive legislative intent is demonstrated.

> In [Shiflet v. Eller, 228 Va. 115, 319 S.E.2d 750 (1984)], the Supreme Court stated that substantive rights are addressed in statutes which create duties, rights, or obligations.  In contrast, the Court explained that procedural or remedial statutes merely set forth the methods of obtaining redress or enforcement of rights.
>
> In order for [the statute] . . . to apply retroactively, therefore, it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights. The statute must also contain an expression of [retroactive] legislative intent.

Cohen v. Fairfax Hosp. Ass'n, 12 Va. App. 702, 705, 407 S.E.2d 329, 331 (1991) (citations omitted).

Here, the General Assembly did not clearly, explicitly and unequivocally state that the April 1, 2000 amendments were to be applied retroactively to causes of action that accrued before April 1, 2000.  Its statement that the amendments were declaratory of existing law and that they were in force from their passage, did not clearly, explicitly and unequivocally provide that the amendments were to be applied retroactively to causes of action that accrued prior to April 1, 2000.  In the

- 6 -

absence of such a statement, the amendments apply only to cases that arose after their enactment.

Furthermore, retroactive application of the amendments would impermissibly disturb substantive or vested rights. Prior to April 1, 2000, the Millses' cause of action against Primary Care had accrued and they had a substantive right to file suit against Primary Care in the circuit court under the Wrongful Death statute, and had, in fact, done so. If the amendments were applied retroactively, that substantive and vested right would be taken away and substituted with the right to proceed against Primary Care under the Act. As the commission found, the amendments are more than a mere change in forums; they change the right itself.

Accordingly, we find that the commission did not err in refusing to apply the April 1, 2000 amendments retroactively, and in following Fruiterman to hold that it did not have jurisdiction under the Act over Primary Care, a professional corporation.

II.

On appeal, Berner and Primary Care argue that the commission erred in granting the Millses a "double recovery" where the only viable theory of liability against Primary Care is respondeat superior. Berner and Primary Care did not make this specific "double recovery" argument before the full commission on review in its written statement or its reply to

- 7 -

the Millses' written statement.  Thus, this issue was not considered by the full commission.  Accordingly, we will not consider this argument on appeal.  <u>See</u> <u>Green v. Warwick Plumbing & Heating</u> <u>Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>