PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Carrico, S.J.

TODD BERNER, M.D., ET AL.

v. Record No. 021006    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                                 April 17, 2003
SCOTT MILLS, CO-ADMINISTRATOR
OF THE ESTATE OF NELSON MILLS, ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals erred in affirming a decision of the Virginia Workers' Compensation Commission (the Commission) that it lacked jurisdiction to consider a claim against a professional corporation under the Virginia Birth-Related Neurological Injury Compensation Act (the Act), Code §§ 38.2-5000 through -5021. The primary question we decide is whether certain statutory amendments providing for the inclusion of professional corporations under the Act apply retroactively to bar a wrongful death action filed in a circuit court against a particular professional corporation.

We will state the facts relevant to this issue of law. In May 1998, Tara Mills gave birth to a son, Nelson Mills, who allegedly sustained multiple skull fractures and other serious, irreversible physical injuries resulting from medical procedures employed during the course of his delivery. Nelson was maintained on "life support" systems for about ten days, and he

died following his parents' decision to discontinue that medical support.

In April 1999, Tara Mills and her husband, Scott A. Mills (collectively, the Mills), in their capacity as co-administrators of Nelson's estate, filed a motion for judgment in the Circuit Court of Arlington County against Todd Berner, M.D., and his employer, Primary Care for Women, P.C. (Primary Care).[1]  The Mills asserted a wrongful death claim alleging that Nelson died as the result of "massive head injuries from skull fractures" caused by Dr. Berner's negligent use of forceps during the delivery process.

In July 1999, pursuant to Code § 8.01-273.1, Dr. Berner and Primary Care asked the circuit court to refer the Mills' claims to the Commission to determine whether the Commission had exclusive jurisdiction under the Act to consider the claims. The Act generally provides the sole remedy for infants who have incurred a birth-related neurological injury caused by a "participating physician" or a "participating hospital," and bars infants who have sustained injuries of this nature from maintaining a common law tort action against such a "participating physician" or "participating hospital."  See Code § 38.2-5002(B); Gibson v. Riverside Hosp., Inc., 250 Va. 140,

_____

[1] By agreement of the parties, the action later was transferred to the Circuit Court of Fairfax County.

142, 458 S.E.2d 460, 462 (1995). The Commission has exclusive jurisdiction to decide whether an infant's claim lies within the purview of the Act. See Code § 38.2-5003.

In January 2000, the circuit court stayed proceedings on the motion for judgment and referred the Mills' claims to the Commission for a determination whether the claims were subject to the provisions of the Act. In March 2000, this Court decided Fruiterman v. Waziri, 259 Va. 540, 544-45, 525 S.E.2d 552, 554 (2000), in which we held that a professional corporation did not qualify as a "participating hospital" or a "participating physician" under the Act and, thus, was not afforded immunity from tort liability for birth-related neurological injuries caused by medical malpractice.

Based on the holding in Fruiterman, the Mills asked the Commission to remand their claim against Primary Care to the circuit court. The Mills informed the Commission that if it took this action, they would nonsuit their remaining claims against Dr. Berner and would waive any other claim they might have against any defendant under the Act.

On April 1, 2000, the Governor of Virginia approved the General Assembly's amendment and reenactment of Code §§ 8.01-273.1 and 38.2-5001. Acts 2000, ch. 207. Code § 8.01-273.1 was amended, in relevant part, to permit a party to an action in a circuit court, who is "a participating hospital or physician as

defined in § 38.2-5001," to request the Commission to determine whether the claim on which the tort action is based is subject to the jurisdiction of the Act.

Under amended Code § 38.2-5001, the definition of the term "participating physician" was expanded to include a "professional corporation . . . or other entity through which the participating physician practices." As part of its amendment and reenactment of Code § 38.2-5001, the General Assembly stated that "the provisions of this act amending § 38.2-5001 are declaratory of existing law." Acts 2000, ch. 207, cl. 2.

Several weeks later, a deputy commissioner granted the Mills' motion to remand their claims to the circuit court. Based on the holding in Fruiterman, the deputy commissioner concluded that the Commission did not have jurisdiction over Primary Care because it did not qualify as either a "participating physician" or a "participating hospital" under the Act. The deputy commissioner also held that the April 1, 2000 amendments did not apply retroactively to the Mills' claims.

Dr. Berner and Primary Care appealed to the full Commission, which affirmed the deputy commissioner's decision. The Commission held, in relevant part, that the amendments could not be applied retroactively to the Mills' claims because the

4

amendments would deprive the Mills of their substantive right to bring a wrongful death action in the circuit court against Primary Care.

Dr. Berner and Primary Care (the defendants) appealed this decision to the Court of Appeals, which affirmed the Commission's decision. Berner v. Mills, 38 Va. App. 11, 13, 18, 560 S.E.2d 925, 926, 928 (2002). The Court of Appeals concluded, in relevant part, that the amendments applied "only to cases that arose after their enactment" because "the General Assembly did not clearly, explicitly and unequivocally state that the . . . amendments were to be applied retroactively to causes of action that accrued before April 1, 2000." Id. at 17, 560 S.E.2d at 928. Thus, the Court of Appeals held that the Commission did not err in applying the decision in Fruiterman and in concluding that the Commission lacked jurisdiction over Primary Care, a professional corporation. Id. at 18, 560 S.E.2d at 928. The defendants appeal.

The defendants argue that the Court of Appeals erred in affirming the Commission's refusal to apply the amendments to Code § 38.2-5001 retroactively to the Mills' claims. They assert that the General Assembly plainly expressed an intent that those amendments be applied retroactively by stating that the amended statute was "declaratory of existing law." The defendants also contend that because Code § 38.2-5001 was

5

amended and reenacted soon after our decision in <u>Fruiterman</u>, the amendments did not effect a substantive change in the law but merely articulated "what always has been the law and what always should have been the interpretation thereof."  We disagree with the defendants' arguments.

Our analysis is guided by the fundamental principles of statutory construction that retroactive laws are not favored, and that a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.  <u>Adams v. Alliant Techsystems, Inc.</u>, 261 Va. 594, 599, 544 S.E.2d 354, 356 (2001); <u>McIntosh v. Commonwealth</u>, 213 Va. 330, 331-32, 191 S.E.2d 791, 792 (1972); <u>Duffy v. Hartsock</u>, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948).  The General Assembly incorporated the substance of these basic principles into the language of Code § 1-13.39:3, which provides additional direction concerning statutes, such as the two before us, that contain the word "reenacted" in their title or enactment.[2]  Code § 1-13.39:3 states:

> Whenever the word "<u>reenacted</u>" is used in the
> title or enactment of a bill or act of assembly, it
> shall mean that the changes enacted to a section of
> the Code of Virginia or an act of assembly are in
> addition to the existing substantive provisions in

_____

[2] Code § 1-13.39:3, enacted in 2001, is applicable to the present appeal because the statute is a procedural provision of law.  <u>See</u> <u>Walke v. Dallas, Inc.</u>, 209 Va. 32, 35, 161 S.E.2d 722, 724 (1968).

that section or act, and are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date.

The provisions of this section are declaratory of existing public policy and law.

Based on this provision, a "reenacted" statute will be applied retroactively only if the bill or act of assembly containing the legislation explicitly and unequivocally meets the requirements of Code § 1-13.39:3. Both Code §§ 8.01-273.1 and 38.2-5001 are subject to the above requirements because the single bill that enacted the amendments to both statutes employed the word "reenacted" in stating the contents of the legislation. That bill, however, did not contain an express provision that the statutory changes would be effective retroactively on a specified date. See Acts 2000, ch. 207. The absence of this required language from the bill compels a conclusion that the amendments to those sections are effective prospectively, not retroactively.

We also observe that, in enacting other amendments to the Act, the General Assembly employed language plainly manifesting a retroactive intent under the provisions of Code § 1-13.39:3. For example, in its amendment and reenactment of Code § 38.2-5009, the General Assembly stated that "[t]he amendments to this section . . . shall be retroactively effective in all cases arising prior to July 1, 1990, that have been timely filed and

7

are not yet final."  Code § 38.2-5009(B); <u>see</u> <u>also</u> Code § 38.2-5001 (stating in 1999 amendment that definition of "Birth-related neurological injury" as set forth in that statute "shall apply retroactively to any child born on and after January 1, 1988").  The General Assembly's failure to use language of this nature in the bill reenacting Code §§ 8.01-273.1 and 38.2-5001 further demonstrates that the amendments to that section were not intended to be applied retroactively.  Thus, we hold that the phrase "declaratory of existing law" is not a statement of retroactive intent, and that the language of Code §§ 8.01-273.1 and 38.2-5001 does not manifest a legislative intent that the statutes be applied retroactively.

The contrary conclusion advanced by the defendants would effectively nullify the requirement in Code § 1-13.39:3 that "reenacted" statutes apply prospectively unless the bills enacting them contain certain specified language.  Moreover, any construction of the phrase "declaratory of existing law" as a statement of retroactive intent would render the language of Code § 1-13.39:3 self-contradictory and meaningless.[3]  Under

---

[3] We also find no merit in the defendants' contention, advanced at oral argument in this case, that the terms "declaratory of existing public policy and law" and "declaratory of existing law" signal a retroactive legislative intent in some statutes, but demonstrate a prospective legislative intent in other statutes.  We will not assign the same statutory language contradictory interpretations.

basic rules of statutory construction, we are prohibited from construing a statute in such a manner.  See Sansom v. Bd. of Supervisors, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999); Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998); Doss v. Jamco, Inc., 254 Va. 362, 371, 492 S.E.2d 441, 446 (1997).  Therefore, we conclude that the Court of Appeals correctly held that the Commission did not err in refusing to apply Code §§ 8.01-273.1 and 38.2-5001 retroactively and, thus, that the Commission lacked jurisdiction over Primary Care based on our decision in Fruiterman.[4]

For these reasons, we will affirm the Court of Appeals' judgment.

Affirmed.

---

[4]Based on our holding that Code §§ 8.01-273.1 and 38.2-5001 do not apply retroactively to the Mills' claim, we do not reach the issue whether a retroactive application of those statutes would impair any substantive or vested right belonging to the Mills.