COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Russell, Ortiz and Raphael
Argued at Richmond, Virginia

KRISTOPHER RYAN SMITH

v.        Record No. 0841-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
JUNE 21, 2022

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Lauren Whitley (Office of the Public Defender, on briefs), for
appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Under Code § 1-238, and in accordance with the general principle that retroactive laws are disfavored, a reenacted code section is effective prospectively unless the General Assembly expressly provides otherwise.  Kristopher Ryan Smith appeals his eighteen-month sentence imposed by the Circuit Court of Spotsylvania County for a probation violation.  On appeal, Smith argues the sentence was above the maximum punishment prescribed in the amended and reenacted Code § 19.2-306 and newly enacted Code § 19.2-306.1 because Smith only violated a technical condition, not "another condition."  But because the new code sections do not apply to Smith's case and the circuit court's sentence was not limited by his violation's classification, we affirm the circuit court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In 2009, the circuit court convicted Smith of four counts of aggravated sexual battery where the victim was less than thirteen years old, pursuant to a plea agreement. The circuit court sentenced Smith to five years per count on two of the counts and five years with five years suspended on each remaining count (the "suspended sentence").[1] Upon Smith's release, the circuit court ordered him to be placed on supervised probation and to "keep the peace and be of good behavior" for twenty-five years. Additionally, as special conditions, the court ordered Smith to join the sex offender registry and follow all its requirements, pay court-ordered costs, have no contact with the victim or her mother, submit to DNA analysis, and waive his Fourth Amendment rights to search and seizure for five years from his release from incarceration. Smith was also subject to a list of twelve, generic probation supervision conditions, including "06. I will follow the Probation and Parole Officer's instructions and will be truthful, cooperative, and report as instructed" ("condition six").

After Smith's release, he began supervised probation on September 22, 2017. Upon release, Smith signed Sexual Offender Special Instructions that stated, "Pursuant to Condition #6 of your Conditions of Supervision, you are instructed to comply with the following checked special instructions." One of these twenty-four instructions prohibited contact with anyone under the age of eighteen.

In 2019, Smith's probation officer submitted a major violation report ("the first report") to the Spotsylvania Commonwealth's Attorney. Under the Violation Data heading, the first report listed four probation conditions Smith allegedly violated: " (1) condition six; (2) "Sex Offender Registry" with the note "Sex Offender Special Condition"; (3) "Sex offender treatment, Complete"; and (4) "Special Condition" with the note "Sex Offender Special Condition." These

---

[1] The circuit court imposed a total sentence of twenty years, with ten years suspended.

violations were based on Smith failing to register an email address and screen name, failing to be truthful with his probation officer, failing to complete sex offender treatment, and failing to obtain authorization to use the internet, social networks, and gaming consoles.

As a result of the violations, the circuit court issued a capias and scheduled a revocation hearing. The Commonwealth moved to revoke Smith's suspended sentence. At the revocation hearing, the circuit court found Smith violated the terms of his suspended sentence. The circuit court revoked Smith's previously suspended sentence and resuspended four years and eleven months of each charge on the same terms and conditions as before.

On April 21, 2021, Smith's new probation officer submitted a major violation report ("the second report") to the Spotsylvania Commonwealth's Attorney. Under the Violation Data heading, the second report listed condition six with the note "Sex Offender Special Condition: You will have no contact with anyone under the age of 18. Contact is defined as physical, verbal, written, or third party." The second report explained that Smith told his probation officer he moved his girlfriend and her three daughters, ages two, thirteen, and sixteen years old, into his father's home where Smith also lived in December 2020.

Smith's probation officer later filed an addendum to the second report detailing a meeting she had with Smith in May. During the meeting, Smith admitted he had contact with minors and his girlfriend's two-year-old daughter was waiting for him in the car. He stated he was the child's "step daddy" and "made it clear he had no intention to stay away from this minor." Smith was then arrested "[d]ue to [his] disregard for his Sex Offender Special Instructions and to protect the minor."

On May 17, 2021, the circuit court issued a capias to show cause why the suspended sentence should not be revoked pursuant to Code § 19.2-306. The Commonwealth then filed a

second motion for revocation of Smith's suspended sentence. The circuit court entered a second show cause order on June 1, 2021.

Smith's contested, second revocation hearing took place on July 27, 2021. But before this hearing, the General Assembly amended and reenacted Code § 19.2-306 and enacted Code § 19.2-306.1, effective July 1, 2021, to limit the circuit court's power to punish probationers in cases of "technical violation[s]."

Before July 1, 2021, Code § 19.2-306(C)(ii) stated that if the circuit court found a probationer violated the terms of suspension and "the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation." 2021 Va. Acts Spec. Sess. I ch. 538. Therefore, the circuit court could punish a probationer who violates the terms of suspension with active incarceration up to the original sentence.

Now, the amended Code § 19.2-306 states that if the circuit court finds a probationer violates the terms of suspension "then the court may revoke the suspension and impose a sentence *in accordance with the provisions of Code § 19.2-306.1.*" *Id.* (emphasis added). The newly enacted Code § 19.2-306.1 classifies violations as either "technical violation[s]" or violations of "another condition." *See* Code § 19.2-306.1; 2021 Va. Acts Spec. Sess. I ch. 538. When a probationer commits a technical violation, Code § 19.2-306.1 limits the amount of incarceration the circuit court can impose. Most relevant to Smith's argument, Code § 19.2-306.1(C) states, "the court may impose not more than 14 days of active incarceration for a second technical violation."

Smith's sentencing revocation report, based on the second report, cited both his violation of condition six for failing to follow instructions and a special sex offender condition for having

contact with minors. The probation violation guidelines worksheet classified Smith's violation as a violation of "Sex Offender Special Conditions/Instructions," not a technical violation. Based on this classification, the sentencing revocation report recommended a sentencing range from one year to one year and six months. After receiving evidence and hearing testimony, the circuit court found Smith violated the listed conditions.

At the sentencing portion of the hearing, Smith argued the violation "is actually a condition six technical violation for the purposes of the guidelines," not a special condition violation, because it "was nestled under condition six" as a note in the second report. Smith alleged the guidelines wrongly interpreted the second report and objected to their use. Yet the circuit court found the guidelines worksheet correctly evaluated Smith's violation of "special instructions or conditions." It revoked the entirety of Smith's suspended sentence, with all but eighteen months resuspended. This appeal followed.

ANALYSIS

Under the previous version of Code § 19.2-306, after a circuit court found a probationer violated a condition, the circuit court had to revoke a probationer's entire suspension, but then could resuspend "all or any part of this sentence." This code section did not limit the circuit court's power to punish a probationer up to the remaining time of the suspended sentence. The amended Code § 19.2-306 differs in that it subjects the circuit court to Code § 19.2-306.1's limiting provisions based on the *type* of violation a probationer commits.

Smith argues the circuit court erred in sentencing him above the maximum punishment under Code § 19.2-306.1(C) when he only committed a second technical violation. He asserts the amended Code § 19.2-306 and newly enacted Code § 19.2-306.1 apply to his case because

- 5 -

they were in effect at the time of his hearing.  Alternatively, Smith argues the new code sections

operate retroactively to apply to his case.[2]

The Commonwealth argues the new code sections do not apply to Smith's case because

they are not retroactive.  And even if the new code sections apply, the Commonwealth argues the

sentence was proper because Smith violated a non-technical condition.  However, because the

new code sections are not retroactive, we affirm.

A.  The amended Code § 19.2-306 and newly enacted Code § 19.2-306.1 do not apply to Smith's case because they are not retroactive.[3]

Because the amended Code § 19.2-306 and newly enacted Code §19.2-306.1 were

enacted after proceedings against Smith had commenced and the amended Code § 19.2-306 is

not retroactive under Code § 1-238, the new code sections do not apply to Smith's case.  Under

the version of Code § 19.2-306 that existed before July 1, 2021, the circuit court had the

---

[2] Smith's sole assignment of error states, "The trial court erred in sentencing Mr. Smith to a sentence above the maximum statutory range of punishment."  The Commonwealth argues Smith waived his argument under Rule 5A:20(c) because his assignment of error does not specifically reference the circuit court's finding that he violated a special condition.  But Rule 5A:20(c) "does not demand the inclusion of a 'because clause' in an assignment of error." *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 205 (2022) (quoting *Findlay v. Commonwealth*, 287 Va. 111, 116 (2014)).  While the body of Smith's brief argues the circuit court's sentence was illegal *because* it misclassified Smith's violation under the new code sections, Smith was not required to flesh out this argument in his assignment of error.  Instead, Smith's assertion that the sentence was beyond the statutory maximum sufficiently identified the ruling alleged to be error.

[3] At the revocation hearing, there was no argument on whether the new code sections apply.  The circuit court did not state whether it relied on these code sections in sentencing Smith, although the final disposition worksheet referenced the new code sections.  Neither party objected to the guidelines on the basis that the new code sections did not apply.

On brief, the Commonwealth now argues the circuit court did not err because the new code sections limiting sentencing are not retroactive and do not apply.  Under the "right result for the wrong reason" doctrine, we can consider the Commonwealth's argument as "an independent ground for affirming the conviction." *See Spinner v. Commonwealth*, 297 Va. 384, 391 (2019).  Therefore, we address whether the new code sections are retroactive.

discretion to sentence Smith to eighteen months' incarceration for his violation.  Therefore, the circuit court did not err in sentencing Smith.

### 1. Standard of Review

"[A]n issue of statutory interpretation is a pure question of law which we review de novo." *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).  It is a basic principle of statutory construction that "we must determine the General Assembly's intent from the words contained in a statute." *Commonwealth v. Diaz*, 266 Va. 260, 264 (2003).  Accordingly, we will apply a statute's "plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result." *Taylor*, 298 Va. at 341 (alteration in original) (quoting *Baker v. Commonwealth*, 284 Va. 572, 576 (2012)).

Additionally, the question of whether a statute operates retroactively is a question of law reviewed *de novo*.  *Green v. Commonwealth*, ___ Va. App. ___, ___ (June 14, 2022); *Taylor v. Commonwealth*, 44 Va. App. 179, 184 (2004).  "[I]nterpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'"  *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (alteration in original) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)).

### 2. Applicable Retroactivity Rules

Generally, when a sentencing statute changes while an action is pending, the statute that governs the sentencing is the one in effect when the action is begun.  *Green*, ___ Va. App. at ___; *Taylor*, 44 Va. App. at 184 ("[W]hen a statute is amended while an action is pending, the rights of the parties are to be deemed in accordance with the law in effect when the action is begun," unless the statute clearly shows an intention otherwise. (quoting *Washington v. Commonwealth*, 216 Va. 185, 193 (1975))).

"A legislative intent to make a statute retroactive is 'manifest' in one of two circumstances." *McCarthy*, 73 Va. App. at 647. One circumstance is when the statute includes explicit terms indicating retroactivity. *Id.*; *Taylor*, 44 Va. App. at 185; *see, e.g.*, Code § 6.2-2504 ("This section shall be given retroactive and prospective effect."). The second circumstance is when the enacted, reenacted, or amended statute only affects "remedial" or "procedural" rights, not "substantive" or "vested" rights. *McCarthy*, 73 Va. App. at 647; *Sargent Elec. Co. v. Woodall*, 228 Va. 419, 424 (1984).

Yet when a code section is reenacted, Code § 1-238 controls our retroactivity analysis. Code § 1-238 reads:

> "Reenacted," when used in the title or enactment of a bill or act of the General Assembly, means that the changes enacted to a section of the Code of Virginia or an act of the General Assembly are in addition to the existing substantive provisions in that section or act, and are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date.
>
> The provisions of this section are declaratory of existing public policy and law.

Given this, "a 'reenacted' statute will be applied retroactively *only* if the bill or act of assembly containing the legislation explicitly and unequivocally" contains language indicating retroactivity, whether the statute affects substantive or procedural rights. *Green*, ___ Va. App. at ___ (emphasis added) (quoting *Berner*, 265 Va. at 413).[4] If a reenacted statute does not "contain an express provision that the statutory changes would be effective retroactively on a specified date, . . . [t]he absence of this required language from the bill compels a conclusion that the amendments to those sections are effective prospectively, not retroactively." *Id.* (quoting *Berner*, 265 Va. at 413-14).

---

[4] *Berner* interpreted a nearly identical predecessor statute to Code § 1-238. *Berner*, 265 Va. at 413.

### 3. The amended Code § 19.2-306 and newly enacted Code § 19.2-306.1

On May 17, 2021, the circuit court first issued a capias to show cause why Smith's suspended sentence should not be revoked pursuant to Code § 19.2-306. Before these proceedings began, the General Assembly amended and reenacted Code § 19.2-306 and enacted Code § 19.2-306.1, effective July 1, 2021. Subsequently, Smith's revocation hearing and sentencing took place on July 27, 2021. Even so, the statutes that govern Smith's sentencing were the ones in effect when the revocation action began in May 2021, unless the new code sections operate retroactively. *See Taylor*, 44 Va. App. at 184-85.

In amending Code § 19.2-306 and enacting Code § 19.2-306.1, the General Assembly stated that "[§] 19.2-306 of the Code of Virginia [is] amended and *reenacted* and that the Code of Virginia is amended by adding a section numbered 19.2-306.1." 2021 Va. Acts Spec. Sess. I ch. 538 (emphasis added). Because Code § 19.2-306 was amended and reenacted, Code § 1-238 controls our retroactivity analysis.[5] Code § 1-238 mandates that the amended and reenacted statute operates prospectively absent an express provision. No provision in the amended Code § 19.2-306 or the bill achieving its amendment indicates the General Assembly intended the code section to operate retroactively. Therefore, it does not apply to Smith's case under Code § 1-238.[6] *See* 2021 Va. Acts Spec. Sess. I ch. 538; *Green*, ___ Va. App. at ___ (holding that the amended Code § 19.2-306 does not operative retroactively under Code § 1-238). Instead, the

---

[5] Smith did not argue that he and the Commonwealth consented to apply these new code sections retroactively under Code § 1-239 and *Ruplenas v. Commonwealth*, 221 Va. 972 (1981). Under different circumstances, Code § 1-239 may be relevant to this Court's analysis. *See Green*, ___ Va. App. at ___ (holding Code §§ 19.2-306 and 19.2-306.1 do not apply retroactively under Code § 1-239 absent the concurrence of both parties).

[6] Because Code § 1-238 controls, we do not determine whether the new code sections affect substantive or procedural rights. *See Berner*, 265 Va. at 415 n.4 (deciding not to reach this issue after determining that reenacted code sections are not retroactive under the predecessor statute to Code § 1-238).

previous version of Code § 19.2-306 that was in effect when Smith's action began applied to Smith's revocation hearing. Under this code section, the circuit court had to revoke the suspension and then had the discretion to again suspend any part of Smith's remaining sentence. 2021 Va. Acts Spec. Sess. I ch. 538.

Because the amended Code § 19.2-306 does not apply retroactively, Code § 19.2-306.1 does not affect Smith's case. Only Code § 19.2-306 directs the circuit court to adhere to § 19.2-306.1's limiting provisions. Without the amended Code § 19.2-306's directive, Code § 19.2-306.1 cannot apply to Smith's case.[7]

CONCLUSION

For these reasons, the new code sections do not apply to Smith's case. The circuit court had discretion to sentence Smith up to the remaining time of his suspended sentence under the previous version of Code § 19.2-306 that applied to Smith's revocation hearing. Accordingly, the circuit court did not err in sentencing Smith to eighteen months' incarceration.

*Affirmed.*

---

[7] Accordingly, we do not reach the issue of whether Smith's violation was technical or non-technical under Code § 19.2-306.1.