UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and White
Argued at Salem, Virginia

LINDSEY KAY THOMAS

v.      Record No. 0191-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
JANUARY 10, 2023

FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Caitlin Reynolds-Vivanco (Office of the Public Defender, on brief),
for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The Circuit Court of Henry County (the "trial court") convicted Lindsey Kay Thomas of

possession of a Schedule I or II controlled substance and sentenced her to two years' incarceration,

all suspended. On appeal, Thomas argues that the trial court erred by denying her motion to dismiss

the indictment because amendments to Code § 18.2-251.03, effective July 1, 2020,[1] barred her

prosecution and should have been applied retroactively. This Court affirms the trial court's

judgment.

BACKGROUND

On August 10, 2019, Henry County Sheriff's Deputy Tatum was dispatched to an address in

response to a call reporting "an overdose." When he arrived, Deputy Tatum spoke to the caller,

Henry Hodges, and found Thomas lying on the bathroom floor. She was unresponsive, and her

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] *See* 2020 Va. Acts ch. 1016.

breathing was shallow. Deputy Tatum administered two doses of Narcan to Thomas, and she

"became responsive" a few minutes later. Deputy Tatum found a plastic bag on the bathroom sink

that contained a white powder, which subsequent forensic analysis determined was 0.4354 gram of

fentanyl. On March 16, 2020, Thomas was indicted for one count of possession of a Schedule I or

II controlled substance, in violation of Code § 18.2-250.

On November 6, 2020, Thomas moved to dismiss the indictment under Code § 18.2-251.03.

She argued that recently enacted amendments to the statute barred her prosecution because she was

"experiencing an overdose and another individual, in good faith, [sought] or obtain[ed] emergency

medical attention" for her. Thomas asserted that because the amendments were procedural in

nature, not substantive, they applied "even though [her] offense date" "pre-dated" the amendments.

The Commonwealth countered that the amendments effected "a substantive change" to the law and

did not apply retroactively.

The trial court denied Thomas's motion to dismiss, finding that she had been indicted before

the amendments took effect. Immediately after the court's ruling, Thomas pleaded not guilty to the

charge but stipulated that the evidence was sufficient to convict her. The trial court found that the

evidence was "sufficient to find [Thomas] guilty" but withheld a finding of guilt and ordered her

into the "first offender" program under Code § 18.2-251. On January 12, 2022, the trial court found

that Thomas had not complied with the terms of her deferred disposition and convicted her of the

charge. This appeal followed.

ANALYSIS

Thomas argues that the trial court erred by denying her motion to dismiss under Code

§ 18.2-251.03. She acknowledges this Court's holding in *McCarthy v. Commonwealth*, 73

Va. App. 630 (2021), that the 2020 amendments to the statute do not apply retroactively.

Nevertheless, she contends that the plain language of the statutory amendments manifested the

General Assembly's intent for them to apply retroactively because, "[t]o give meaning to the language that no individual will be subject to prosecution, the language has to be applied to all prosecutions, not only ones brought after the amendments." In addition, Thomas argues that the amendments did not affect substantive rights because possession of controlled substances remains illegal and there "is no particular defined class of people with particular or unique characteristics who are no longer punishable under the law." Thus, she concludes that the amendments were procedural only and should have applied retroactively to bar her prosecution.

On the date of Thomas's offense, Code § 18.2-251.03 provided a defendant accused of possessing a controlled substance with an "affirmative defense." To invoke the affirmative defense, the defendant had to present evidence that, among other things, she faced a life-threatening condition resulting from using the substance and she, in good faith, "s[ought] or obtain[ed]" emergency medical attention *for herself*. Code § 18.2-251.03(B)(1)-(4) (2019 Rep. Vol.); 2020 Va. Acts ch. 1016. The then-applicable affirmative defense afforded Thomas no relief, however, because she did not report her overdose or seek emergency medical attention for herself.

Effective July 1, 2020, the statute provides that "[n]o individual shall be subject to arrest or prosecution" for "possession of a controlled substance" under Code § 18.2-250 if she "is experiencing an overdose and *another individual*, in good faith, seeks or obtains emergency medical attention for such individual, by contemporaneously reporting such overdose to . . . a law-enforcement officer . . . or an emergency 911 system." Code § 18.2-251.03(B)(1)(ii) (emphasis added); 2020 Va. Acts ch. 1016. Thomas asserts that there is "no question" that the amended statute would "control[] the disposition" of her case *if* it applies retroactively. This Court has already held that it does not.

Generally, "interpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'"

*McCarthy*, 73 Va. App. at 647 (alteration in original) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)).  Such a legislative intent is manifested when (1) "the text of the statute contains 'explicit terms' demonstrating its retroactive effect," or (2) "the statute's amended terms affect 'remedial' or 'procedural' rights rather than 'substantive' or 'vested' rights."  *Id.* (first quoting *Taylor v. Commonwealth*, 44 Va. App. 179, 186 (2004); then quoting *Sargent Elec. Co. v. Woodall*, 228 Va. 419, 424 (1984); and then quoting *Lackland v. Davenport*, 84 Va. 638, 640 (1988)).  In *McCarthy*, this Court held that the 2020 amendments to Code § 18.2-251.03 did "not contain any explicit terms providing for its retroactivity."  *Id.* at 648 & n.10.  That the amendments affected both procedural and substantive rights was "a roadblock, not an avenue, to applying the statute retroactively."  *Id.* at 651 (citing *Pennington v. Superior Iron Works*, 30 Va. App. 454, 459 (1999) (holding that courts will not give a statute retroactive effect when it effects a change in both substance and procedure)).

Although Thomas challenges *McCarthy*'s holdings, the interpanel accord doctrine mandates that "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court."  *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (alteration in original) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)).  "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment."  *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)).  Thus, we decline Thomas's invitation to overturn, modify, or reverse *McCarthy*'s holdings.

In sum, the 2020 amendments to Code § 18.2-251.03 occurred nearly a year after Thomas committed the charged offense and months after she was indicted.  We are bound by *McCarthy*'s holding that those amendments do not apply retroactively, and Thomas does not argue that the

trial court should have granted her motion to dismiss under the affirmative defense available when she possessed the drugs.  Accordingly, the trial court did not err by denying Thomas's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.