COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White
Argued at Salem, Virginia

ERIC L. BOLDEN

                                      MEMORANDUM OPINION[*] BY

v.      Record No. 0999-22-3       JUDGE KIMBERLEY SLAYTON WHITE
                                         MAY 16, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Michael C. Keenan; Michael Crawford Keenan, LLC, on brief),
for appellant. Appellant submitting on brief.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General; Robin M. Nagel, Assistant Attorney General, on
brief), for appellee.


Eric L. Bolden ("Bolden") appeals his conviction, following a bench trial, for possession

of a firearm by a convicted violent felon, in violation of Code § 18.2-308.2, for which he was

sentenced to five years' incarceration. Bolden argues the trial court erred in denying his motion

*in limine* to exclude the evidence because the police obtained it in violation of Code

§ 46.2-1013(B). He contends that subsection (B) of Code § 46.2-1013, which took effect March 1,

2021, applied retroactively and rendered inadmissible the evidence the police seized in 2019. He

also argues that the evidence was insufficient to support his conviction.

Sufficiently similar statutes to Code § 46.2-1013 recently have been considered and decided

regarding whether they apply retroactively. Accordingly, we conclude that the trial court did not

---

[*] This opinion is not designated for publication. *See* Code § 17.1 413.

err in denying the motion *in limine*. We also find the evidence sufficient to sustain Bolden's conviction. The judgment of the trial court is affirmed.

## BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On December 8, 2019, at 8:52 p.m., City of Lynchburg Police Officer Waterman was driving along Lakeside Drive when a Pontiac drew his attention because its rear tail light failed to illuminate part of the license plate. He initiated a traffic stop. Upon approaching the vehicle, he observed a shotgun in plain view on the center console. For officer safety reasons and because there were other occupants in the vehicle, Officer Waterman instructed the driver, Bolden, to exit the vehicle.

Officer Waterman seized the shotgun and while securing it, noted that it was loaded. While waiting for dispatch to confirm whether the shotgun was stolen, Officer Waterman asked Bolden about the firearm. Bolden stated that it was a Mossberg and that he had paid $500 for it at Walmart. Officer Waterman then asked Bolden if he had the proper paperwork to prove that his rights had been restored. Bolden stated that he was "in the process."

Bolden also mentioned that his license was suspended. Upon learning that Bolden was a convicted felon, Officer Waterman arrested him. While detained, Bolden then stated that the shotgun belonged to his brother.

On May 4, 2020, Bolden was indicted for driving on a suspended license and possession of a firearm by a convicted violent felon. On September 1, 2020, Bolden failed to appear for trial, and a capias was issued for his arrest. In November 2020, Code § 46.2-1013[1] was revised to include the following language, effective March 1, 2021: "No law-enforcement officer shall stop a motor vehicle for a violation of this subsection. No evidence discovered or obtained as the result of a stop in violation of this subsection, including evidence discovered or obtained with the operator's consent, shall be admissible in any trial, hearing, or other proceeding." Code § 46.2-1013(B). On May 2, 2022, Bolden was arrested on the capias.

Prior to trial, Bolden filed a motion to suppress and a motion *in limine*. In his motion *in limine*, Bolden asserted that the 2020 amendments to Code § 46.2-1013, prohibiting law enforcement from conducting a traffic stop for a defective tail light, required the exclusion of the shotgun and any other evidence gathered from the traffic stop. He argued that Code § 46.2-1013 was procedural and ameliorative and thus applied retroactively. The trial court denied the motion. On June 28, 2022, Bolden had a bench trial in the Lynchburg Circuit Court.

At trial, the Commonwealth entered Bolden's prior felony conviction into evidence. At the conclusion of the Commonwealth's evidence, Bolden renewed his motion *in limine* and moved to strike the evidence. The trial court denied Bolden's renewed motion *in limine* and his motion to strike. Bolden offered no evidence and renewed his motion to strike in his closing argument.

At the conclusion of counsel's argument, the trial court found that the shotgun was in plain view on the vehicle's center console right beside Bolden's person and that he could easily gain access to it. Furthermore, Bolden was aware of the presence and character of the shotgun as he had a conversation with the officer about the shotgun's make, model, and cost. Consequently,

---

[1] Code § 46.2-1013 regulates tail lights and license plate illumination on vehicles.

the trial court convicted him of possession of a firearm by a convicted violent felon. The court, however, acquitted Bolden of driving on a suspended license. The trial court sentenced Bolden to five years' incarceration, with no time suspended. Bolden appeals.

ANALYSIS

In his first assignment of error, Bolden argues that the trial court erred when it found that the revision to Code § 46.2-1013 was both substantive and procedural. He argues that the Code § 46.2-1013 amendment is an ameliorative procedural revision that applies retroactively. In his second assignment of error, Bolden argues that because the shotgun should have been suppressed, the evidence is insufficient to support his conviction.

I. The trial court did not err in finding that Code § 46.2-1013(B) does not apply retroactively.

The enactment of subsection (B) of Code § 46.2-1013 occurred after the date of Bolden's traffic stop but before the date of his trial. Bolden argues that Code § 46.2-1013(B) is procedural in nature, applies retroactively, and therefore prohibits the Commonwealth from introducing any evidence discovered as a result of the stop. Our recent precedent compels us to disagree.

"Whether a statute should be applied retroactively is . . . a question of law that an appellate court reviews *de novo*." *Street v. Commonwealth*, 75 Va. App. 298, 304 (2022). "[I]nterpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'" *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)). A "legislative intent to make a statute retroactive is 'manifest' in one of two circumstances. The first is when the text of the statute contains 'explicit terms' demonstrating its retroactive effect. The second is when the statute's amended terms affect 'remedial' or 'procedural' rights rather than 'substantive' or 'vested' rights." *Id.* (citations omitted). "In order for [a] statutory change 'to apply retroactively, . . . it must be procedural in nature and affect

- 4 -

remedy only, disturbing no substantive right or vested rights.'" *Pennington v. Superior Iron Works*, 30 Va. App. 454, 459 (1999) (quoting *Cohen v. Fairfax Hosp. Ass'n*, 12 Va. App. 702, 705 (1991)).

This Court recently examined whether a statute prohibiting police stops for expired registration applied retroactively to suppress evidence obtained in violation of the statute. Like Code § 46.2-1013(B), the statute in *Hogle v. Commonwealth*, 75 Va. App. 743 (2022), provided that any evidence obtained as a result of such an illegal stop or seizure was inadmissible in court. There we found that the exclusionary provision "did not entitle Hogle to the suppression of the evidence obtained and discovered as a result of the stop of his vehicle in 2019 because the subsection, by its express terms, did not apply retroactively to the time of the stop." *Id.* at 752. In *Montgomery v. Commonwealth*, 75 Va. App. 182, 200 (2022), we found that Code § 18.2-250.1(F), which concerned a search based on the odor of marijuana and has since been repealed, did not apply to a search that the police conducted before the effective date of the subsection, which also provided that any evidence obtained as a result of such an illegal stop or seizure was inadmissible in court.

To the extent the stop of Bolden's car based upon the defective tail light would be unlawful under the current Code § 46.2-1013(B), that provision did not take effect until March 1, 2021. When Officer Waterman stopped Bolden in December of 2019, the evidence uncovered was not "'the result of a stop in violation of th[e] subsection' 'because one cannot violate a statute or break a rule that does not exist. Because the [subsection] was not in effect at the time of the search, no law enforcement officer could have violated it.'" *Hogle*, 75 Va. App. at 751-52 (alterations in original) (quoting *Montgomery*, 75 Va. App. at 196).

In both *Hogle* and *Montgomery*, the same procedural argument was made and, as we concluded there, the illegal seizure prong of Code § 46.2-1013(B) "is not procedural as it is

completely silent on the method of obtaining redress or the enforcement of the right it creates; instead, the scope of the entire [subsection] is both substantive and procedural." *Id.* at 752 (alteration in original) (quoting *Montgomery*, 75 Va. App. at 199). Thus, the seizure prohibition in Code § 46.2-1013(B) "is a substantive change in the law and cannot be applied retroactively to render" the stop of Bolden's car illegal, because "the evidentiary prong of the statute, though procedural, is only triggered by a . . . seizure that violated the substantive portion of the statute." *Id.* (alteration in original) (quoting *Montgomery*, 75 Va. App. at 199).

The exclusionary provision of Code § 46.2-1013(B) thus did not entitle Bolden to the suppression of the evidence obtained and discovered as a result of the stop of his vehicle in 2019 because the subsection did not apply retroactively to the time of the stop.

II. The trial court did not err in finding the evidence sufficient to convict.

Bolden argues that the trial court erred in allowing the shotgun in as evidence, contending that the Commonwealth could never have met its burden of proof as to an essential element of Code § 18.2-308.2 without it. Because the traffic stop and subsequent discovery of the shotgun were permissible, the trial court did not err in determining that the evidence was sufficient to convict Bolden of possession of a firearm by a convicted violent felon.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v.*

*Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

In making his sufficiency of the evidence claim, Bolden's sole argument is that the trial court misapplied Code § 46.2-1013(B) by failing to grant his motion *in limine*. Because we agree with the trial court that the statute does not apply retroactively, we therefore hold that the court did not err in determining the evidence presented at trial was sufficient to convict Bolden of possession of a firearm by a convicted violent felon.

## CONCLUSION

We find that the amendment of Code § 46.2-1013 does not apply retroactively, therefore the stop and search of Bolden was permissible. We find that the trial court did not err in denying the motion *in limine*, nor did it err in finding that the evidence was sufficient to prove Bolden's guilt beyond a reasonable doubt. Therefore, we affirm.

*Affirmed.*